**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Master File No.
01-CV-1092 (DWF/AJB)

**IN RE CHRONIMED INC.**
**SECURITIES LITIGATION**

**STIPULATED PROTECTIVE ORDER**

---

WHEREAS, certain materials and information may be requested in the course of discovery by plaintiff Third Point Partners Management and defendants Chronimed Inc., Maurice R. Taylor, II, Henry F. Blissenbach, and Gregory H. Keane (hereinafter individually "Party," collectively, "Parties"), which constitute or contain Confidential Information as defined in this Stipulated Protective Order;

WHEREAS, the Parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure and use of Confidential Information in this litigation;

WHEREAS, counsel for the Parties agree that an order containing the terms set forth herein may be entered by the Court without further notice to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the Parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this document, whenever that may be.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. The following shall constitute Confidential Information:

DEC 1 1 2002
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

(a) Non-public financial information;

(b) Non-public commercially valuable information, including, but not limited to, trade secrets, future business plans, market analysis, confidential research and development, and/or other proprietary information; and

(c) Any other information, documents, or things subject to protection under the law, including, but not limited to, protection under Fed. R. Civ. P. 26(c).

2. Pursuant to the terms of this Stipulated Protective Order, information produced by the Parties or Third Parties ("Producing Parties") to another Party or Parties ("Receiving Parties") meeting the definition of Confidential Information in Paragraph 1 may be so designated where the information is provided for purposes of pursuing settlement or for purposes of discovery, including, but not limited to, testimony at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31, answers to interrogatories pursuant to Fed. R. Civ. P. 33, documents produced pursuant to Fed. R. Civ. P. 33 and 34, information obtained from inspection of premises or tangible objects pursuant to Fed. R. Civ. P. 34, answers to requests for admission pursuant to Fed. R. Civ. P. 36, and documents or testimony furnished pursuant to Fed. R. Civ. P. 45.

3. Information may be designated as "Confidential" in one or more of the following ways by Producing Parties:

(a) Documents produced by Producing Parties stamped or otherwise designated "Confidential";

(b) Information produced by Producing Parties with an accompanying letter or other document which indicates that such materials or parts thereof constitute Confidential Information;

(c) Any testimony that a Producing Party designates in writing or on the record as Confidential Information;

(d) Any deposition transcripts or portions thereof that a Party or Third Party designates as Confidential Information within 30 days of receipt of such deposition transcripts; and

(e) Any documents, information, or testimony designated as Confidential Information by order of the Court.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The Parties' attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) Independent consultants and/or experts retained by the Parties to work on the action; provided that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this Stipulated Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A attached hereto;

(c) The Parties themselves and any employees of the Parties;

(d) Third Party witnesses; provided that before any such witnesses are shown or receive any Confidential Information, they must be given a copy of this Stipulated Protective Order, informed that this Stipulated Protective Order governs the disclosure of Confidential Information in this case, asked to read the Stipulated Protective Order, and asked to agree in writing to abide by the same by signing a document in the form of Exhibit A attached hereto. If a Third Party witness refuses to agree in writing to be bound by the Stipulated Protective Order, the Third Party witness is nonetheless bound by the Stipulated Protective Order, should be so informed, and when so informed, may be shown or receive Confidential Information. In the event a Third Party witness subpoenaed by Plaintiff refuses to comply with the subpoena and in good faith identifies this Stipulated Protective Order as the reason for refusing to comply with the subpoena, at Plaintiff's discretion, Plaintiff may request Defendants to, and in the event Plaintiff requests Defendants to Defendants shall, take all reasonable steps necessary to enforce the subpoena, including noticing and filing motions to compel compliance with the subpoena as provided for by the Federal Rules of Civil Procedure and applicable local rules;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(f) Such persons as the counsel of record shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(g) The Court and Court personnel.

5. Confidential Information shall be used solely for the preparation, trial, appeal, and/or settlement of this action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

6. If a Producing Party inadvertently fails to designate certain information as Confidential Information or inadvertently makes an improper designation, as determined in the sole discretion of the Producing Party, the designation may be corrected or made belatedly so long as it is done promptly after learning of the oversight. If a Producing Party corrects an improper designation or belatedly designates material as Confidential Information, counsel for the Receiving Party or Parties shall take reasonably necessary steps to assure confidentiality of the Confidential Information and shall retrieve the Confidential Information from individuals to whom disclosure was made but would not have been permitted had the material been originally designated as Confidential Information or originally designated properly.

7. If a dispute arises as to the designation of information as Confidential Information, the Parties agree to attempt to resolve the dispute informally. If the matter is not resolved by the Parties themselves, the Party asserting the confidential status of the information claimed to be restricted by this Stipulated Protective Order shall bring the dispute before the Court for a determination and the Party asserting the designation bears the burden of proving that the material or information should be designated as Confidential Information. The Parties shall treat as confidential, pursuant to the terms of this Stipulated Protective Order, information designated Confidential Information but disputed to be Confidential Information until the dispute is resolved.

8. No Party shall be obligated to challenge the propriety of the designation of any information as Confidential Information and failure to do so promptly shall not preclude any

subsequent objection of such designation or a motion to seek a determination as to the propriety of such designation or to otherwise modify the provisions of this Stipulated Protective Order.

9. The inadvertent disclosure of privileged information by a Producing Party or its counsel shall be governed by the law of the United States Court of Appeals for the Eighth Circuit and the United States District Court for the District of Minnesota.

10. In the event that any Confidential Information is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall do so under seal in accordance with the rules of the Court, notify the Clerk of Court at the time of filing that such paper contains Confidential Information protected by this Stipulated Protective Order, and shall notify the other Party or Parties of the confidential nature of the filing. The Clerk shall keep such Confidential Information under seal until further order of the Court; provided however, that access to such Confidential Information shall be afforded to the Court and Court personnel and to counsel of record for the Parties, and further provided that the Parties agree to comply with any orders or rules of Court relating to filing under seal that may be issued by the Court.

11. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential Information, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps at the request of counsel intending to introduce such Confidential Information, the opposing counsel, or on its own initiative, as it deems necessary to preserve the confidentiality of such Confidential Information.

12. Within 60 days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information, and all excerpts, summaries, abstracts, or compilations therefrom other than the work product of the Parties'

counsel, shall be returned to the Producing Party that produced the information. As an alternative to returning Confidential Information, a Party may destroy all such materials and certify under oath that all Confidential Information has been destroyed. Notwithstanding the foregoing provisions, counsel for the Parties may maintain in their files one copy of each pleading, motion, brief, deposition transcript or other paper filed with the Court along with an index of such Court papers. Additionally, all notes, memoranda, summaries, or other materials setting forth, summarizing, or paraphrasing Confidential Information shall be destroyed except that counsel for the Parties may maintain summaries or abstracts of discovery materials that contain counsel's mental impressions or opinions subject to the terms of this Stipulated Protective Order.

13. This Stipulated Protective Order shall be without prejudice to the rights of any Party to seek modification of its provisions upon motion duly noticed and served.

14. This Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of these actions, and the Court shall retain jurisdiction for the purpose of ensuring compliance with this Stipulated Protective Order and granting such other and further relief as may be necessary.

15. Nothing in this Stipulated Protective Order is intended to limit the rights of any Party possessing Confidential Information from any lawful source, other than through production in this litigation, from using that information in any lawful manner including providing it to other persons or entities in the course of its business. Nor does this Stipulated Protective Order limit the rights of any Party from which Confidential Information has originated from using its own Confidential Information in any way such party sees fit.

16. This Stipulated Protective Order shall be effective upon the signature of counsel for the Parties.

17. Counsel for the Parties hereby jointly apply to the Court for entry of any order in accordance with the terms of this Stipulated Protective Order.

Dated: Dec. 10, 2002

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By [signature]
Richard A. Lockridge (#64117)
Gregg M. Fishbein (#202009)
Gregory J. Myers (#0287398)
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 339-6900

BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
Daniel L. Berger
Jeffrey N. Leibell
Avi Josefson
1285 Avenue of the Americas
33rd Floor
New York, NY 10019
Telephone: (212) 554-1400

Attorneys for plaintiff Third Point Partners Management

Dated: Dec. 10, 2002

DORSEY & WHITNEY LLP

By [signature]
Peter W. Carter (#227985)
Heather J. Klaas (#283319)
Mitchell W. Granberg (#285687)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for defendants Chronimed Inc., Maurice R. Taylor, II, Henry F. Blissenbach, and Gregory H. Keane

**SO ORDERED:**

Dated: 12/11/02

The Honorable Arthur J. Boylan
United States District Court Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in *In Re Chronimed Inc. Securities Litigation*, Master File No. 01-CV-1092 (DWF/AJB), has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the District of Minnesota may exercise jurisdiction over him/her to enforce such Stipulated Protective Order.

Dated: ______________________ ______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.