**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE CHRONIMED INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Master File No. 01-CV-1092 (DWF/AJB) |

**ORDER FOR NOTICE AND HEARING**

WHEREAS, on March 11, 2004, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Amended & Consolidated Class Action Complaint (the "Complaint") on the merits and with prejudice upon the terms and conditions set forth in the Stipulation; and

WHEREAS, the parties have jointly moved, pursuant to Fed. R. Civ. P. 23(e), for an Order preliminarily approving the Settlement in accordance with the terms of the Stipulation and providing for notice to the Class; and

WHEREAS, the Court has read and considered the Stipulation and the exhibits thereto, including the proposed: (i) Notice of Pendency of Class Action; (ii) Proof of Claim; (iii) Summary Notice; and (iv) Order and Final Judgment, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Order, adopts all defined terms, as set forth in the Stipulation, and, unless otherwise defined, all capitalized terms herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined.

2. The Court hereby certifies the Action to proceed as a class action for the purposes of settlement, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a Class consisting of all persons and entities who purchased or otherwise acquired the common stock of Chronimed Inc.

("Chronimed") from October 27, 1999, through June 13, 2001, inclusive, (the "Class Period"). Excluded from the Class are the Defendants, the members of the family of each of the Individual Defendants, officers and/or directors of Chronimed, parents subsidiaries and affiliates of Chronimed, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Excluded from the Class are any putative members of the Class who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

3. With respect to the Class, for purposes of settlement, this Court finds and concludes that:

(a) The members of the Class are so numerous that joinder of all members of the Class is impracticable. During the Class Period, there were more than 47.9 million shares of Chronimed stock purchased or otherwise acquired. Although the exact number of members of the Class is not known, courts in this Circuit have not hesitated to find the numerosity requirement satisfied based on similar facts and allegations as contained in the Action.

(b) There are questions of law and fact common to the Class which predominate over any individual questions. In the Action, the allegations of misstatements and omissions in Chronimed's SEC filings and public statements, and the damage allegedly caused by those misstatements and omissions, and the revelations thereof, presented common issues of fact and law that affect all members of the Class.

The predominant focus of the present case is the allegation that Defendants made a series of false and misleading statements, directed to the investing public, about Chronimed's financial performance, sales, revenues, and accounts receivable that caused the price of Chronimed common stock to become and remain artificially inflated throughout the Class Period. Questions of law and/or fact common to the Class include: (i) whether the federal securities laws were violated by Defendants' alleged misconduct; (ii) whether statements made by Defendants to the investing public during the Class Period (as discussed and identified in ¶¶ 41-55 of the Complaint) misrepresented material facts concerning Chronimed's financial condition; (iii)

whether Defendants acted with scienter in making such alleged misstatements and omissions; (iv) whether the price of Chronimed common stock was artificially inflated during the Class Period due to Defendants' alleged misrepresentations; (v) whether the Individual Defendants were "control persons" during the Class Period; and (viii) whether members of the Class sustained damages, and the proper measure of damages.

(c) The claims of the Lead Plaintiff are typical of the claims of the other members of the Class in that they all arise from the same allegedly unlawful course of conduct and are based on the same legal theories. Lead Plaintiff, like all other members of the Class, claims that it was damaged by the alleged violations of Section 10 of the Securities Exchange Act of 1934. Thus, Lead Plaintiff would invoke the same legal theories to establish liability and damages under the federal securities laws as all other members of the Class would if they sued separately. Lead Plaintiff, like the other members of the Class, claims to have suffered losses as a result of Defendants' alleged course of conduct. The typicality element of Rule 23 is satisfied here, since Lead Plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class members and the claims are based on the same legal theory.

(d) The Lead Plaintiff and its counsel are fair and adequate representatives of the members of the Class. The Lead Plaintiff shares the interests of the other members of the Class in recovering the damages it allegedly suffered as a result of Defendants' alleged violation of Section 10 of the Securities Exchange Act of 1934. Lead Plaintiff has also retained experienced and well-qualified counsel to conduct the Action. Because Lead Plaintiff does not have interests that are antagonistic to the other members of the Class and has retained qualified experienced counsel, Lead Plaintiff and its counsel are fair and adequate representative of the Settlement Class.

(e) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. The focus of this Action, if not settled, would have been on whether Defendants violated Section 10 of the Securities Exchange Act of 1934 by their conduct concerning the alleged misstatements and omissions.

The resolution of this issue would predominate over any issue relevant to specific members of the Class, including but not limited to any difference in damages among members of the Class.

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. During the pendency of this Action, no parties other than Lead Plaintiff have come forward and brought individual actions or sought to intervene in the Action asserting violations of the securities laws concerning the alleged misstatements and omissions as set forth in the Complaint. There is, therefore, no alternative to this Action for the resolution of the claims asserted. Moreover, in this case, many individual members of the Class necessarily would not have a sufficient stake to litigate this case or pursue individual actions, but their claims can proceed and be resolved by this class action.

4. The Court preliminarily approves the Settlement of the Action on the terms set forth in the Stipulation as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before this Court on June 18, 2004, at 11:00 a.m. at the United States District Court, District of Minneapolis, 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101 (the "Settlement Hearing"), to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; whether the Order and Final Judgment as provided for in ¶ 1(p) of the Stipulation should be entered herein; whether the proposed Plan of Allocation for the proceeds of the Settlement is fair, reasonable and adequate, and should be approved; and whether the application by Plaintiff's Lead Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred should be approved.

5. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing ("Summary Notice") (together, the "Notices") and Proof of Claim form (the "Proof of Claim"), and finds that the procedures established for mailing, publication and distribution of such Notices substantially in the manner and form set

forth in ¶ 6 of this Order constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Fed. R. Civ. P. 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as that section was amended by the Private Securities Litigation Reform Act of 1995.

6. Plaintiff's Lead Counsel shall cause notice of the pendency of the Action, of the proposed Settlement, the hearing on the proposed Settlement and the application by Plaintiff's Lead Counsel for an award of attorneys' fees and reimbursement of expenses to be provided to members of the Class as follows:

(a) Within fourteen (14) days of entry of this Order, a copy of the Notice, together with a copy of the Proof of Claim, substantially in the form annexed hereto as Exhibits 1 and 2, respectively, shall be mailed, by first class mail, postage prepaid, to all members of the Class at the address of each such Person as set forth in the records of Chronimed or its transfer agent, or who otherwise may be identified through reasonable effort;

(b) The Summary Notice, substantially in the form annexed hereto as Exhibit 3, shall be published once in the national edition of The Wall Street Journal within ten (10) days of the mailing of the Notice.

7. Defendants shall cooperate in making Chronimed's and Chronimed's transfer agent's records and shareholder information available, without charge to any party, to Plaintiff's Lead Counsel or the Claims Administrator for the purpose of identifying and giving notice to the Class.

8. Plaintiff's Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Chronimed common stock during the Class Period as record owners but not as beneficial owners. Such nominees are directed to forward within ten (10) business days of receipt of the Notice and Proof of Claim copies of those documents to their beneficial owners or, in the alternative, to provide, within ten (10) business days of receipt of the Notice of Proof of Claim, the Claims Administrator with a list(s) of the names and addresses of the beneficial owners, and the Claims Administrator is

ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement from the Gross Settlement Fund of their reasonable expenses incurred in complying with this Order. Nominees seeking reimbursement of such expenses must provide the Claims Administrator with proper documentation supporting their request for reimbursement.

9. To effectuate the provision of notice provided for in ¶ 6 hereof, Plaintiff's Lead Counsel or the Claims Administrator shall lease and maintain a post office box of adequate size for the return of Proofs of Claim. All Notices to the Class shall designate said post office box as the return address for the purposes designated in the Notices. Plaintiff's Lead Counsel or the Claims Administrator shall be responsible for the receipt of all responses from the Class and, until further order of the Court, shall preserve all entries of appearance, Proofs of Claim, and all other written communications from members of the Class, nominees or any other Person in response to the Notices. The Notice and Administration Costs, which include the costs of Notice (including printing, mailing and publication of all required notices) and the costs of administration, shall be paid out of the Gross Settlement Fund and Plaintiff's Lead Counsel may withdraw up to $135,000 of the Gross Settlement Fund without further order of the Court to pay such costs.

10. At least seven (7) days before the date fixed by this Court for the Settlement Hearing, Plaintiff's Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11. Plaintiff's Lead Counsel may retain a Claims Administrator and may pay the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court. However,

except as to the withdrawal of $135,000 as referred to in ¶ 9 above, no such fees and costs may be paid out of the Gross Settlement Fund prior to the Effective Date.

12. Plaintiff's Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of the Gross Settlement Fund and to cause any Taxes due and owing to be paid from the Gross Settlement Fund without further order of the Court to pay such Taxes.

13. All members of the Class who do not timely request exclusion from the Class i.e., by no later than ten (10) days prior to the date set forth herein for the Settlement Hearing, (i.e., by June 8, 2004), will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting the Class.

14. Plaintiff's Lead Counsel shall submit their papers in support of final approval of the Settlement and application for attorneys' fees and reimbursement of expenses by no later than fourteen (14) days before the Settlement Hearing (i.e., by June 15, 2004).

15. Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the Plan of Allocation should or should not be approved; or why Plaintiff's Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should or should not be granted, provided, however, that no member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the proposed Plan of Allocation or the attorneys' fees and reimbursement of expenses requested, unless no later than ten (10) days prior to the date set forth herein for the Settlement Hearing, (i.e., no later than June 8, 2004), such member of the Class has served by hand or by overnight delivery written objections and copies of any supporting papers and briefs, which must contain proof of all purchases or acquisitions of Chronimed common stock during the Class Period, upon (i) the following members of Plaintiff's Lead Counsel: Jeffrey N. Leibell, Esq., Bernstein Litowitz Berger &

Grossmann LLP, 1285 Avenue of the Americas, New York, New York, 10019, and Gregg M. Fishbein, Esq., Lockridge Grindal Nauen P.L.L.P., Suite 2200, 100 Washington Avenue South, Minneapolis, Minnesota, 55401; and (ii) the following member of Defendants' Counsel: Peter W. Carter, Esq., Dorsey & Whitney LLP, Suite 1500, 50 South Sixth Street, Minneapolis, Minnesota, 55402, and has filed said objections, papers and briefs, showing due proof of service upon Plaintiff's Lead Counsel and Defendants' Counsel, with the Clerk of the United States District Court for the District of Minnesota, 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota, 55101. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Members of the Class do not need to appear at the hearing or take any other action to indicate their approval.

16. Any member of the Class who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation or the attorneys' fees and reimbursement of expenses requested.

17. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each member of the Class shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the

Post Office Box indicated in the Notice, postmarked not later than August 18, 2004. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each member of the Class must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiff's Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the member of the Class must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each member of the Class shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

Any member of the Class who does not submit a valid Proof of Claim shall not be entitled to share in the Net Settlement Fund, but nonetheless shall be barred and enjoined from asserting any of the Settled Claims against any of the Released Defendant Parties.

18. Members of the Class shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A member of the Class wishing to make

such request shall mail the request in written form by first class mail postmarked no later than June 8, 2004, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Chronimed Inc. Securities Litigation, and must be signed by such person. Such persons requesting exclusion also must provide their telephone number and list all their purchases and sales of Chronimed common stock during the Class Period, including the date of each transaction, the number of shares purchased or sold and the price(s) paid or received. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion otherwise is accepted by the Court.

19. Members of the Class requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

20. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all members of the Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Defendant Party.

21. The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Settlement with modification approved by the parties and without further notice to the Class.

22. Defendants and their respective counsel shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiff's Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund shall be under the authority of this

Court. The parties to this Settlement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement) and the Claims Administrator and its employees and agents shall not be liable for anything done or omitted to be done in connection with the proposed Settlement and the administration thereof except for their own willful misconduct.

24. The Court retains jurisdiction over the Action to consider all further applications arising out of, or in connection with, the proposed Settlement herein.

Dated: St. Paul, Minnesota March 15, 2004

UNITED STATES DISTRICT COURT JUDGE