**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE CHRONIMED INC. SECURITIES LITIGATION ) | Master File No. 01-CV-1092 (DWF/AJB) |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) | |

**AFFIDAVIT OF GREGG M. FISHBEIN**
**IN SUPPORT OF APPLICATION FOR**
**REIMBURSEMENT OF FEES AND EXPENSES**
**FILED ON BEHALF OF LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Gregg M. Fishbein, being first duly sworn, upon oath states:

1. I am a partner at the law firm of Lockridge Grindal Nauen P.L.L.P., and am one of the attorneys representing the Class Plaintiffs in this matter.

2. I make this affidavit in support of the Application for Reimbursement of Fees and Expenses.

3. The chart attached hereto as Exhibit A contains a summary of the time spent by the attorneys and paralegals of my firm on this litigation, and the lodestar calculation based on my firm's current billing rates. The chart includes the name of each attorney and paralegal who has worked on this matter, the hours expended and their current hourly billing rate. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. Time spent in preparing this

Affidavit in support of my firm's application for fees and reimbursement of expenses has not been included in this chart.

4. With respect to the standing of counsel in this case, attached hereto as Exhibit B is a brief biography of my firm as well as brief biographies of the principal attorneys of my firm who worked on this litigation.

5. From the inception of the case through May 31, 2004, my firm incurred a total of 729.50 hours on behalf of plaintiffs and the Class in this litigation. The total lodestar amount for these hours based on my firm's current hourly billing rates is $258,481.25.

6. As Liaison Counsel, my firm was involved in all aspects of the case. We assisted in investigating the claims asserted against the Defendants. We assisted in briefing Plaintiff's memorandum in opposition to the Defendants' motion to dismiss and in advising Lead Counsel with respect to local practices. We assisted in preparing discovery requests to Defendants and in taking depositions of third party witnesses and party witnesses. My firm also reviewed several hundred thousand pages of documents contained in more than 200 bankers boxes, many of them oversized, produced by Defendants. My firm assisted in negotiating discovery disputes with the Defendants. My firm also represented Plaintiff alongside the Lead Counsel in conducting negotiations which led to the settlement of this case. My firm also played a leading role in preparing the settlement documents and in presenting the motion for preliminary approval to the Court.

7. My firm expended a total of $69,527.55 in unreimbursed expenses in connection with the prosecution of this litigation broken down as follows:

| Category | Amount |
|---|---|
| Copying | $20,151.65 |
| Telephone and Fax Charges | $307.66 |
| Postage and Express Delivery | $1,708.84 |
| Travel | $2,281.16 |
| Assessments (Net)* | $28,659.83 |
| Computer Legal Research | $95.61 |
| Class Notices (BusinessWire) | $830.00 |
| Transcripts | $691.00 |
| Filing Fees | $1,063.00 |
| Expert Witness | $13,738.80 |
| **TOTAL** | **$69,527.55** |

*Lockridge Grindal Nauen P.L.L.P. paid $30,000 in assessments. Because $1,340.17 was returned unspent, the net assessments amount to $28,659.83.

8. The expenses incurred pertaining to this case are reflected on the books and records of this firm. These books and records are prepared from expense vouchers and check records prepared in the normal course of business and are an accurate record of the expenses incurred.

9. In addition, other counsel that have appeared on behalf of other plaintiffs in this case have incurred additional expenses within the categories listed above. Those firms were asked to submit affidavits of their expenses to my firm by June 9, 2004. The aggregate total of expenses from those affidavits is $37,370.97. While we are not

submitting those affidavits to the Court, they will be available to the Court at the time of the final approval hearing, should the Court wish to see them.

Accordingly, the total expenses incurred by Plaintiff's counsel is calculated as follows:

| | |
|---|---|
| Lockridge Grindal Nauen P.L.L.P. | $69,527.55 |
| Bernstein Litowitz Berger & Grossmann LLP | $61,499.12 |
| Other Counsel | $37,370.97 |
| **TOTAL EXPENSES** | **$168,397.64** |

The Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in the Settlement Fund that was sent to potential Class members and the Summary Notice that was published in The Wall Street Journal provided that Plaintiff's counsel would not seek more than $135,000 for reimbursement of expenses, in accordance with Paragraph 12 of the Stipulation and Agreement of Settlement. Thus, though the total expenses exceeds $135,000, Plaintiff's counsel is not seeking more than $135,000.

10. Attached hereto as Exhibit C is a true and correct copy of KK Motors v. Brunswick Corp., Civ. No. 98-2307-JRT (D. Minn. Mar. 6, 2000).

11. Attached hereto as Exhibit D is a true and correct copy of Steiner v. CDSI, Civ. No. 98-1489-RHK (D. Minn. Aug. 25, 1999).

12. Attached hereto as Exhibit E is a true and correct copy of In re Ancor Communications, Inc. Sec. Litig., Master File No. 97-CV-1696 ADM/JGL (D. Minn. Feb. 5, 1999).

13. Attached hereto as Exhibit F is a true and correct copy of In re LaserMaster Technologies, Inc. Sec. Litig., Civ. No. 4-95-631-RHK (D. Minn. Oct. 9, 1997).

14. Attached hereto as Exhibit G is a true and correct copy of First Presbyterian Church v. John G. Kinnard & Co., Civ. No. 3-94-1024 (D. Minn. Dec. 12, 1995).

15. Attached hereto as Exhibit H is a true and correct copy of In re Control Data Sec. Litig., Civ. No. 3-85-1341-JMR (D. Minn. Sept. 21, 1994).

16. Attached hereto as Exhibit I is a true and correct copy of In re Employee Benefit Plans Sec. Litig., No. 3-92-708, 1993 WL 330595 (D. Minn. June 2, 1993).

17. Attached hereto as Exhibit J is a true and correct copy of In re Monosodium Glutamate Antitrust Litig., Civ. No. 00-MDL-1328 (PAM) (D. Minn. Feb. 6, 2003).

18. Attached hereto as Exhibit K is the Affidavit of Frank C. Torchio.

Dated: June 15, 2004

**s/Gregg M. Fishbein**

Gregg M. Fishbein
Bar No.: 202009
Attorney for Plaintiff
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981

Subscribed and sworn to before me
this 15th day of June, 2004.

**s/Jessica A. Hanson**
Notary Public – Minnesota
My commission expires Jan. 31, 2005