**In re Chronimed Inc. Securities Litigation**

Firm: Lockridge Grindal Nauen P.L.L.P.

Period: Inception through May 31, 2004

| NAME AND POSITION | CURRENT HOURLY RATE | TOTAL HOURS | TOTAL LODESTAR |
|---|---|---|---|
| Richard A. Lockridge (P) | $550.00 | 30.75 | $16,912.50 |
| Gregg M. Fishbein (P) | $425.00 | 176.00 | $74,800.00 |
| Karen Hanson Riebel (P) | $425.00 | 26.75 | $11,368.75 |
| Gregory J. Myers (A) | $325.00 | 459.75 | $149,418.75 |
| Robert J. Linsmier (PL) | $165.00 | 36.25 | $5,981.25 |
| **TOTALS** | | **729.50** | **$258,481.25** |

Key:
P = Partner
A = Associate
PL = Paralegal

**EXHIBIT A**

LOCKRIDGE
GRINDAL
NAUEN
P.L.L.P.
Attorneys at Law

Founded in 1978, Lockridge Grindal Nauen P.L.L.P. has extensive experience in antitrust, securities, environmental, employment, health care, commercial, intellectual property and telecommunications law.

Our clients include agri-businesses, business enterprises, banks, local governments, trade and industry associations, real estate developers, telecommunications providers, health care professionals, casualty insurers, publishers and authors, and a major computer manufacturer and retailer.

Lockridge Grindal Nauen attorneys are assisted by more than 20 paralegals and government relations specialists, and an extensive support staff. The firm has offices in Minneapolis, Minnesota and Washington, D.C.

**Richard A. Lockridge**

Richard A. Lockridge is a partner in Lockridge Grindal Nauen P.L.L.P. He is a graduate of the University of Iowa Law School (J.D., with high distinction, 1974) where he served as Managing Editor of the Iowa Law Review. Thereafter, from 1974 to 1976, he served as a law clerk to the Honorable Myron H. Bright of the United States Court of Appeals for the Eighth Circuit. From 1976 to 1978 he handled civil litigation as a Minnesota Special Assistant Attorney General.

During more than twenty five years of practice, Mr. Lockridge has been continuously active in class action and other complex litigation, including serving as lead or co-lead counsel in the following cases: In re Select Comfort Corporation Securities Litigation, 99-884 (DSD/JMM) (D. Minn.); Gary Meyers v. The Guardian Life Insurance Company of America, Inc. Litigation, Civil No. 2:97CV35-D-B (N.D. Miss.); Alan B. Spitz and Linda Spitz, and Ann Novacheck v. Connecticut General Life Insurance Company, MDL No. 1136 (C.D. Cal.); In re Summit Medical

Systems, Inc. Securities Litigation, Master File No. 97-558 (D. Minn.); In re Digi International Inc. Securities Litigation, Master File No. 97-5 (D. Minn.); In re Catfish Antitrust Litigation, MDL 928 (N.D. Miss.); Gary G. Smith, et al. v. Little Caesar Enterprises, Inc., et al. (Little Caesar Franchise Litigation), Civil No. 93 CV 74041 DT (E.D. Mich.); In re Piper Funds, Inc. Institutional Government Income Portfolio Litigation, Master File No. 3-94-587 (D. Minn.); In re Residential Doors Antitrust Litigation, MDL 1039 (E.D. Pa.); In re Carpet Antitrust Litigation, MDL No. 1075, Master File No. 4:95-CV-193-HLM; In re LaserMaster Technologies, Inc. Securities Litigation, Master Docket: 4-95-631 (D. Minn.); Richard J. Rodney, Jr., et al. v. KPMG Peat Marwick, 4-95-CIV-800 (D. Minn.); In re Citi-Equity Group, Inc. Securities Litigation, File No. 3-94-1024 (D. Minn.); Lockwood Motors, Inc., et al. v. General Motors Corporation, Civil File No. 3-94-1141 (D. Minn); David L. Antonson, et al. v. Leon H. Robertson, et al. (American Carriers Securities Litigation) Civ. No. 88-2567 (D. Kan.); In re Steel Drums Antitrust Litigation, MDL 887 (S.D. Ohio); In re New Steel Pails Antitrust Litigation, Master File No. C-1-91-213 (S.D. Ohio); In re Unisys Savings Plan Litigation, Master File No. 91-3067 (E.D. Pa.); and George Guenther, et al. v. Cooper Life Sciences, et al. (Cooper Life Sciences Securities Litigation), C 89-1823 MHP (N.D. Cal.).

Mr. Lockridge is or has been also involved in the following litigation: In re Flat Glass Antitrust Litigation, MDL No. 1200; Chemical Distribution, Inc., et al. v. Akzo Nobel Chemicals, et al., MDL 1226 (N.D. Cal.); Durocher v. American Family Life Insurance Co., Case No. 97-CV-292 (Marinette Co. Dist.); In re Milk Products Antitrust Litigation, Master File No. 3-96-458 (D. Minn.); Marksman Partners, L.P., et al. v. Chantal Pharmaceutical Corporation, et al., Master File No. CV-96-0872-WJR (RNBx) (C.D. Cal.); In re Connecticut General Life Insurance Co. Premium Litigation, MDL No. 1336 (C.D. Cal.); In re Lease Oil Antitrust Litigation, MDL No. 1166 (S.D. Tex.); In re Tricord Systems, Inc. Securities Litigation, Civil

No. 3-94-746/RHK/JMM (D. Minn.); In re Riscorp, Inc. Securities Litigation, Master File No. CV-96-2374-CIV-T-23A (M.D. Fla.); In re Nasdaq Market-Maker Antitrust Litigation, MDL 1023 (S.D.N.Y.); John S. Lawrence v. Philip Morris Companies, Inc., et al. (Philip Morris Securities Litigation), Civ. No. 94-1494 (E.D.N.Y.); Leetate Smith, et al. v. Merrill Lynch & Co., et al. (Orange County Bond Litigation), No. SACV-94-1063-LHM(EEx) (C.D. Cal.); Nelsen v. Craig-Hallum (Craig-Hallum Securities Litigation), Civ. No. 4-86-135 (D. Minn.); Johnson v. Kives (K-Tel Securities Litigation), Civ. No. 4-85-1216 (D. Minn.); In re Endotronics Securities Litigation, Civ. No. 4-87-130 (D. Minn.); In re Wirebound Box Antitrust Litigation, MDL 793 (D. Minn.); American Telephone and Telegraph Antitrust Litigation, Civil Action No. 81-2623 (D.D.C.); In re Domestic Air Transportation Antitrust Litigation, MDL 861 (N.D. Ga.); In re ICN/Viratek Securities Litigation, 87 Civ. 4296 (VLB) (S.D.N.Y.); In re Bioplasty Securities Litigation, Master File No. 4-91-689 (D. Minn.); Low Density Polyethylene Resin Antitrust Litigation, 82 Civ. 1093 (S.D.N.Y.); Dixie Brewing Company, Inc. v. John Barth, Inc. (In re: Hops Antitrust Litigation), Civ. No. 8404434 (E.D. Pa.); Steven S. Mitchell v. Thousand Trails, Inc. (Thousand Trails Security Litigation), Civ. No. C86-146 (W.D. Wash.); and Spencer v. Comserv Corporation (Comserv Securities Litigation), Civil Action No. 4-84-794 (D. Minn.).

Mr. Lockridge acted as co-lead defense counsel for the target defendant in Mid-State Oil v. Simonson Oil (price fixing) Civil No. A3-79-18 (D.N.D.); plaintiff's counsel in Superlines Co. v. E.W. Wylie Corp., 1981-2 Trade Cases (CCH) (D. Minn. 1981); and one of the defense counsel in Ray Adduono v. World Hockey Association, 3-82-Civil-586 (D. Minn.).

Mr. Lockridge spent one year in Houston, Texas assisting Steve Susman, Vance Opperman and others on the trial of the Corrugated Container Antitrust Litigation, MDL 310 (S.D. Tex), a case which resulted in one of the largest verdicts (in excess of $1 billion) ever awarded by a jury in antitrust litigation.

Mr. Lockridge also was one of the attorneys who assisted Vance Opperman in successfully representing West Publishing Company in a monopolization and attempted monopolization case brought by West against Mead Corporation (the then owner of "LEXIS"), and in a monopolization and attempted monopolization case brought by Mead against West (the "LEXIS v. Westlaw" antitrust cases).

Mr. Lockridge is a member of the Hennepin County, Ramsey County, Minnesota State and American (Member, Sections on Securities Law, Antitrust Law and Litigation) Bar Associations. He was chair of the Antitrust Section of the Minnesota State Bar Association in 1985-86. He is also a member of the Corporate Counsel Association of Minnesota, the Federal Bar Association and the American Judicature Society. Mr. Lockridge was named as one of Minnesota's Super Lawyers by the Minnesota Journal of Law & Politics in 1998, 1999 and 2001.

**J. Michael Schwartz**

J. Michael Schwartz is a partner in the Lockridge Grindal Nauen P.L.L.P. firm. Before entering law, Mr. Schwartz earned a Ph.D. from Cornell University and taught Sociology at the University of Florida. A 1968 Phi Beta Kappa graduate of Grinnell College, Mr. Schwartz received his Juris Doctor from the University of Minnesota. He was a partner at the law firm of Popham, Haik, Schnobrich & Kaufman in Minneapolis and a partner in the law firm of Plunkett Schwartz Peterson, P.A. in Minneapolis from 1995 to 2000.

Since 1984, Mr. Schwartz has litigated complex cases throughout the country involving toxic torts, real estate, product liability, professional malpractice and insurance coverage disputes. During the past ten years, Mr. Schwartz has been active in class action and other complex litigation, including the following: Peterson v. BASF Corp., Civil No. C2-97-295 (Norman County District Court, Minnesota); Good v. Fluor Daniel Corp., Case No. CT-00-5021-RHW (E.D. Wash.); In Re Blue Cross Blue Shield Subscriber Litigation, Master File No. 19-C3-

98-7780 (Dakota County District Court, Minnesota); Brown v. State of Minnesota, Court File No. 98-11152 (Hennepin County District Court, Minnesota); and In Re Berg, Master File No. CY-96-3151-AAM (E.D. Wash.).

Mr. Schwartz has been listed among Minnesota's "Super Lawyers" and "Top Appellate Lawyers", and is listed in several "Who's Who" publications.

**Gregg M. Fishbein**

Gregg M. Fishbein is a partner in the Lockridge Grindal Nauen P.L.L.P. firm. He is a 1989 graduate (J.D., with honors) of Drake University Law School. He graduated from the University of Northern Iowa (B.A. Accounting) in 1986 and is a Certified Public Accountant. He was admitted to the bar in 1989 in Minnesota, U.S. District Court, District of Minnesota and the United States Tax Court. In 1995, he was admitted to the bar for United States Court of Appeals for the Eighth Circuit. He is a member of the Federal Bar Association, Minnesota State Bar Association and Hennepin County Bar Association.

Since joining the firm in July 1994, Mr. Fishbein has specialized in class action and other complex commercial litigation. He has worked on, among others, the following complex class action matters: Guenther, et al. v. Cooper Life Sciences, et al., No. C-89-1823-MHP (N.D. Cal.); Harris v. Hospital Corporation of America, No. 3-89-0995 (M.D. Tenn.); In re Piper Funds, Inc. Institutional Government Income Portfolio Litigation, Master File No. 3-94-587 (D. Minn.); Richard J. Rodney, Jr., et al. v. KPMG Peat Marwick, 4-95-CIV-800 (D. Minn.); In re Citi-Equity Group, Inc. Securities Litigation, File. No. 3-94-1024 (D. Minn.); In re LaserMaster Technologies, Inc. Securities Litigation, Master File No. 4-95-631 (D. Minn.); In re Tricord Systems Inc. Securities Litigation, Master File No. 3-94-746 (D. Minn); Leetate Smith, et al. v. Merrill Lynch & Co., et al., No. SACV-94-1063-LHM (EEx) (C.D. Cal.) (Orange County Bond Litigation); John S. Lawrence, et al. v. Philip Morris Co., et al., File No. CV-94-1494

(E.D.N.Y.); In re Boston Chicken, Inc. Securities Litigation, Civil Action No. 97-WM-1308 (D. Colo.); In re Photran Corp. Securities Litigation, Master File No. 97-1138 (D. Minn.); In re Digi International Inc. Securities Litigation, Master File No. 97-5 (D. Minn.); In re Summit Medical Systems, Inc. Securities Litigation, Master File No. 97-558 (D. Minn.); In re Ancor Communications, Inc. Securities Litigation, Master File No. 97-1696 (D. Minn.); In re Oxford Health Plans, Inc. Securities Litigation, Master File No. 3-97-CV-2567 (D. Conn.); In re Ceridian Corp. Securities Litigation, Master File No. 97-2044 (D. Minn.); In re Equisure, Inc. Securities Litigation, Master File No. 97-2056 (D. Minn.); In re Destron Fearing Securities Litigation, Master File No. 99-CV-137 (D. Minn.); In re IKON Office Solutions, Inc. Securities Litigation, File No. 98-CV-4286 (MK) (E.D. Penn.); In re Iomega Securities Litigation, Master File No. 98-CV-00185 (D. N.J.); In re K-Tel Securities Litigation, Master File No. 98-2520 (D. Minn.); In re Mara Fund Securities Litigation, Master File No. 97-8603-CIV (D. Florida); In re GT Interactive Software Corp et. al., Master File No. 98-CV-0085 (S.D.N.Y.); Wright v. Rizai (Engineering Animation), Civil No. 4-99-CV-10590 (S.D. Ia); Fink v. Rainforest Café, File No. MC 00-451 (Hennepin County Dist. Ct.).

**Karen Hanson Riebel**

Karen Hanson Riebel is a partner in Lockridge Grindal Nauen P.L.L.P. A 1991 dual-degree program graduate (J.D., B.A., Cum Laude) from the Boston University School of Law and the Boston University College of Liberal Arts, Ms. Ribel joined the firm in 1992. During her tenure at the firm, she has been extensively involved in a number of complex class action matters including: In re Select Comfort Corporation Securities Litigation, 99-884 (DSD/JMM) (D. Minn.); Danis v. USN Communications, Inc., et al., No. 98 C 7482 (N.D. Ill.); In re Digi International Inc. Securities Litigation, Master File No. 97-5 (D. Minn.); In re Summit Medical Systems, Inc. Securities Litigation, Master File No. 97-558 (D. Minn.); In re Ancor

Communications, Inc. Securities Litigation, Master File No. 97-1696 (D. Minn.); In re Ceridian Corp. Securities Litigation, Master File No. 97-2044 (D. Minn.); In re K-Tel Securities Litigation, Master File No. 98-2520 (D. Minn.); In re Riscorp, Inc. Securities Litigation, Master File No. CV-96-2374-CIV-T-23A (M.D. Fla.); In re Lease Oil Antitrust Litigation, MDL No. 1166 (S.D. Tex.); In re Wirebound Box Antitrust Litigation, Civ. No. 4-89-CV9; David L. Antonson, et al. v. Leon H. Robertson, et al. (American Carriers Securities Litigation), Civ. No. 88-2567 (D. Kan.); In re Tonka II Securities Litigation, Civ. No. 3-90-318 (D. Minn); In re Catfish Antitrust Litigation, MDL 928 (D. Miss.); In re ICN/Viratek Securities Litigation, 87 Civ. 4296 (VLB) (S.D.N.Y.); Joseph D. Chutich v. Green Tree Acceptance, Inc., Civil No. 3-88-869 (D. Minn.); and Richard J. Rodney, Jr., et al. v. KPMG Peat Marwick, 4-95-CIV-800 (D. Minn.).

During the summer of 1996, Ms. Riebel spent three months in New York as a member of the team of lawyers that tried the In re ICN/Viratek Securities Litigation matter in the Southern District of New York before the Honorable Kimba Wood. The case was settled for $14.5 million after the jury returned a partial verdict.

Ms. Riebel is also actively involved in In re The Exxon Valdez, Case No. A89-0095-CV (D. Alaska). Ms. Riebel spent seven months in Anchorage, Alaska, in 1994, as a member of the trial team that secured a jury verdict for punitive damages in the amount of $5 billion for a mandatory punitive damages class. For their efforts, Ms. Riebel and the other members of the trial team were awarded the Trial Lawyers' For Public Justice Trial Lawyers of the Year award in 1994. In addition, Ms. Riebel is extensively involved in the administration and evaluation of the more than 50,000 claims submitted in that litigation.

Ms. Riebel is a member of the Hennepin County, Minnesota State, American (Member, Litigation Section) and Federal Bar Associations.

**Gregory J. Myers**

Gregory J. Myers is an associate in the Lockridge Grindal Nauen P.L.L.P. firm. He is a 1998 graduate (J.D., Magna Cum Laude) of William Mitchell College of Law. He graduated from Marquette University (B.A. Journalism) in 1990. He was admitted to practice law in Minnesota in the United States District Court, District of Minnesota in 1998. He is a member of the Federal Bar Association and the Minnesota State Bar Association.

Since joining the firm in 1998, Mr. Myers has specialized in class action and other complex commercial litigation. He has worked on, among others, the following complex class action matters: In re Photran Corp. Securities Litigation, Master File No. 97-1138 (D. Minn.); In re Digi International Inc. Securities Litigation, Master File No. 97-5 (D. Minn.); In re LaserMaster Technologies, Inc. Securities Litigation, Master File No. 4-95-631 (D. Minn.); In re Ikon Office Solutions, Inc. Securities Litigation, Master File No. 98-cv-4286 (E.D. Pa.); In re Summit Medical Systems, Inc. Securities Litigation, Master File No. 97-558 (D. Minn.); Richard J. Rodney, Jr., et al. v. KPMG Peat Marwick, 4-95-CIV-800 (D. Minn.); and In re Herzog v. GT Interactive Software Corp et. al., Master File No. 98-CV-0085 (S.D.N.Y.).

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KK MOTORS and CHECKMATE BOATS, INC.,

Plaintiffs,

v.

BRUNSWICK CORPORATION,

Defendant.

Civil No. 98-2307 (JRT/RLE)

ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT, AWARDING ATTORNEYS' FEES AND DISMISSING THE ACTION

Charles N. Nauen, LOCKRIDGE GRINDAL NAUEN, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179; and K. Craig Wildfang and Brooks Poley, WINTHROP & WEINSTINE, 3000 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, for plaintiffs.

John D. French, FAEGRE & BENSON, 2200 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402-3901; and Gordon C. Atkinson, COOLEY GODWARD, One Maritime Plaza, 201 Floor, San Francisco, CA 94111, for defendant.

This matter is before the Court for final approval of the settlement agreement and counsel's request for attorney fees. The Court has reviewed the pleadings, the Agreement of Settlement entered into among the parties dated December 20, 1999, the Notice of Pendency and Settlement of Class Action, which was previously approved by this Court by Order dated January 7, 2000, and the parties' submissions, including the sole objection filed by a class member. The Court also heard the arguments of counsel with respect to this

FILED MAR 0 6 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. MAR 0 6 2000
DEPUTY CLERK

EXHIBIT C

objection and to final approval of the settlement and the petition for attorney fees and reimbursement of expenses at a hearing on March 2, 2000. For the reasons set forth below, the Court overrules the objection and approves the settlement and petition for attorney fees and expenses.

A. Settlement

The parties in this antitrust class action have reached a $30 million settlement. While one class member, Godfrey Conveyor Co. ("Godfrey"), has objected to the attorney fees, no class member has objected to the settlement, and indeed, counsel for Godfrey indicated that he thought this settlement represents the best deal his client could obtain. Other class members have had similarly favorable comments regarding the settlement. Based upon a review of the materials described above and the argument of counsel, the Court finds that the settlement is fair, reasonable, and adequate, and should be finally approved. First, the settlement amount balanced against the substantial risks of continued litigation strongly supports the settlement. Second, the settlement is recommended by the favorable opinions of case participants which are reflected both in counsel's strong endorsement of the settlement and the lack of objections and opt-outs from class members, many of whom are large commercial enterprises with substantial claims. Third, absent settlement, protracted and complex future litigation activity appears to be a certainty. Fourth, because counsel were involved in *Concord Boat Corp. v. Brunswick Corp.*, No. 95-751 (E.D. Ark.), a fully litigated parallel case, they are highly familiar with the strengths and weaknesses of the case and,

therefore, were able to complete a fully informed evaluation of settlement merits. Finally, it is apparent that defendant is a formidable adversary and that the settlement is not the product of collusion. Accordingly, the settlement is approved.

B. Attorney Fees and Expenses

Counsel request an award of fees and costs in the amount of one-third of the settlement fund, and also request reimbursement of $42,466.82 in expenses. In making attorneys' fee awards, it is the overwhelming trend among courts to apply the percentage approach in common fund situations. Indeed, "it is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorneys' fees in common fund settlements." *Petronic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). A review of other cases of this kind, where class counsel undertook the representation on a contingent basis in a complex and risky case, demonstrates that a one-third fee recovery is fair and reasonable compensation. *See, e.g., In re Airline Ticket Comm'n Antitrust Litig.*, 953 F. Supp. 280, 286 (D. Minn. 1997). Furthermore, in the *Concord* case, Judge Moody of the United States District Court for the Eastern District of Arkansas awarded total fees and expenses in excess of $9 million, which approximates the fee award in this case. Although it is true that counsel in this case have the benefit of the earlier litigation and favorable judgment, it is far from certain that they could have used offensive collateral estoppel to establish liability in this case because some class members, including Godfrey, had ample opportunity to join in the *Concord* action and consciously chose otherwise. *See Parkland*

*Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979) (stating that offensive collateral estoppel should not be used when the plaintiff could have joined in the earlier action). The Court thus finds that the favorable judgment in *Concord* does not diminish the reasonableness of counsel's requested fee in this case.

Godfrey, the sole objecting class member, is a member of Independent Boat Builders, Inc. ("IBBI"), which was one of the plaintiffs in the *Concord* case. Godfrey chose not to join in that action, but as a member of IBBI it paid approximately $104,398 in litigation fees.[1] Although at the hearing Godfrey attacked the reasonableness of the overall fee, Godfrey's only requested relief is that its recovery not be reduced by any amount for counsel fees. At the outset, the Court notes that this requested relief is individual to Godfrey, and is not an objection on behalf of the class. As such, Godfrey had a more appropriate remedy; it could have opted out of the class. Since it has not done so, it is apparent that Godfrey views the settlement as in its best interests.

More importantly, however, Godfrey paid counsel fees in the earlier action as a result of its choice to be a member of IBBI, and the Court can only conclude that Godfrey made a conscious business decision that the benefits of membership in that organization are worth such dues and fees as it is required to pay. Thus, although Godfrey will not share in any of the possible recovery in that case (a circumstance which is of Godfrey's own making), it

[1] The *Concord* case is currently on appeal before the Eighth Circuit. Class counsel point out that IBBI will reimburse Godfrey should it prevail on appeal or recover through settlement. Because it is not certain that Godfrey will be reimbursed, however, the Court has not taken this circumstance into consideration.

would seem that Godfrey has nevertheless received something of value in return for its payments. In addition, counsel are entitled to recover from the class fund because their work conferred a benefit on the class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This principle is as applicable to Godfrey as it is to the remainder of the class; without counsel's effort in this case, Godfrey would recover nothing. Godfrey's payment amounts to just over 1% of the total fees and costs that the court awarded in *Concord*, which is not a substantial amount in comparison both to the amount of work counsel undertook and the benefit Godfrey stands to receive in this case. The Court therefore concludes that requiring Godfrey to share responsibility for counsel fees in this case is not unreasonable or unfair. Accordingly, Godfrey's objection is overruled, and the Court approves an attorney fee award in the amount of one-third of the settlement fund in addition to reimbursement for expenses.

## ORDER

Based on the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The settlement is finally approved as being fair, reasonable, and adequate;

2. The proposed Plan for Settlement Fund Allocation, Contingent Incentive Awards, and Claim Perfection, attached hereto as Exhibit "A" is approved;

3. Attorney fees and costs in the amount of one-third of the Settlement Fund are awarded to Plaintiffs' counsel;

4. Expenses in the amount of $42,466.82 are awarded to Plaintiffs' counsel as reimbursement of costs incurred;

5. The Settlement Administrator, in consultation with Plaintiffs' attorneys, is authorized and directed to take all steps necessary to effectuate the terms of the settlement and to cause the distribution thereunder to be made;

6. The Court has jurisdiction over this subject matter hereof and the parties herein;

7. The definitions and terms set forth in the Settlement Agreement are hereby incorporated in this Order and Judgment;

8. The Court confirms its previous preliminary findings in the Settlement Notice and Hearing Order, and hereby finds that the Action meets all the prerequisites of Rule 23(b)(3), Fed. R. Civ. P., including numerosity, ascertainability, community of interest, predominance of common issues, superiority, and typicality;

9. Plaintiffs and their counsel are adequate representatives of the Settlement Class;

10. The Settlement Class is hereby certified for settlement purposes;

11. This Order and Judgment has been entered without any admission by any of the parties as to the merits of any of the allegations in the Complaint and shall not constitute a finding of either fact or law as to the merits of any of those claims or a finding as to any obligations of Defendant to take any action agreed to be done or avoided herein as necessary to bring it into compliance with the law;

12. The Action is hereby dismissed on the merits, with prejudice, and without cost (except as otherwise provided in the Settlement Agreement);

13. Upon the Effective Date, each Settlement Class Member, for good and sufficient consideration, shall be deemed to have, and by operation of this Order and Judgment, will have, fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against the Released Parties;

14. In accordance with the provisions of the Settlement Agreement, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date: (a) Defendant shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally and forever released, relinquished and discharged Plaintiffs and their counsel in the Action from any claims (including "Unknown Claims"), for abuses of process, malicious prosecution or any other claim arising out of, relating to, or in any way connected with the institution, prosecution, assertion or resolution of this Action; and (b) each Settlement Class Member shall be deemed to have, and by operation of the Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Defendant and its counsel in the Action from any claims (including "Unknown Claims"), for abuses of process, malicious prosecution or any other claim arising out of, relating to, or in way connected with, the defense or resolution of the Action;

15. Having held the March 2, 2000 Settlement Hearing, and having considered the evidence submitted by the parties, the Court hereby finds that the Settlement Agreement was entered into in good faith between Plaintiffs, the Settlement Class Members and Defendant;

16. Plaintiffs, all Settlement Class Members, and all Released Parties are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims or any of the claims described in paragraph 14 of this Order and Judgment against any of the Plaintiffs, Settlement Class Members, and all Released Parties, including Defendant;

17. Without affecting the finality of this Order and Judgment in any way, this Court hereby reserves continuing jurisdiction over: (a) implementation of the Settlement; (b) the Action until this Order and Judgment becomes final and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement; (c) all matter relating to the administration and consummation of the Settlement Agreement and all exhibits thereto; and (d) all parties to the Action for the purpose of implementing, enforcing, monitoring, ensuring compliance, effectuating, administering and interpreting the provisions of both the Settlement Agreement and this Order and Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 6, 2000.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# EXHIBIT A

## Plan for Settlement Fund Allocation, Contingent Incentive Awards and Claim Perfection

### I. Settlement Fund Allocation

Two basic approaches exist by which the Settlement Fund theoretically could be distributed to Class Members. The Settlement Fund may be distributed: (a) based on the unit volume of qualifying engines purchased during the class period (the "Unit Method"); or (b) based on the dollar volume of qualifying engines purchased during the class period (the "Dollar Method").

Under the Unit Method, each Class Member's distribution from the Settlement Fund could be calculated as a percentage by dividing the Class Member's number of qualifying engine units by the total number of qualifying engines purchased by all Class Members. Thus, assuming total Class engine units during the Class Period of 54,000, a Class Member with 1,080 qualifying engine purchases during the Class Period would be entitled to 2% of the Net Settlement Fund (i.e., the Settlement Fund minus attorneys' fees and costs as approved by the Court).

Under the Dollar Method, each Class Member's distribution from the Settlement Fund could be calculated as a percentage by dividing the Class Member's dollar volume of qualifying engines by the total dollar volume of qualifying among all Class Members. Thus, assuming total Class engine dollar volume during the Class Period of $390,000,000, a Class

Member with $7,800,000 in qualifying engine purchases during the Class Period would be entitled to 2% of the Net Settlement Fund.

Recognizing that each method is arguably a reasonable method to use, but also that different Class Members are relatively advantaged depending on which of the distribution methods is utilized, the Court determines that ½ weight will be allocated to each methodology (the "Blended Method"). Because the Blended Method, which shall be followed, attributes ½ weight to the Unit Method and ½ weight to the Dollar Method, it yields the most equitable result.

## II. Contingent Incentive Awards

The Court approves contingent incentive awards to the representative Plaintiffs, KK Motors and Checkmate Boats, Inc. Such awards will compensate the representative Plaintiffs for their contributions to the action including, *inter alia*, document productions, being deposed, evaluating the progress of the litigation and its settlement, and accepting the business risk of confronting the major supplier to boatbuilders. The Court approves contingent incentive awards pursuant to which each of the representative Plaintiffs may receive a total amount from the Settlement Fund equal to the amount each would receive if the distribution were based exclusively on the methodology most advantageous to them. Such incentive awards will be funded only by and limited to amounts unperfected by Class Members. Thus, for example, the amount of an incentive award to KK Motors will be calculated by subtracting KK Motors' distribution under the Blended Method from the distribution which KK Motors would receive under the Unit Method. Such incentive awards

will be paid only to the extent that claims are not perfected thereby leaving available funds. The balance of any unperfected funds, in excess of any needed to pay the contingent incentive awards, will become part of the Net Settlement Fund to be distributed to Class Members who properly perfect their claim(s).

## III. Claim Perfection

In order to perfect their claims, Class Members must only return to the Settlement Administrator a completed form from the bottom of the letter previously furnished to them with the Class Notice (*see* Exhibit 1 to the Declaration of the Settlement Administrator) and provide their correct name, address, and taxpayer identification number. For those Class Members who have not yet returned the completed form, the following additional efforts will be undertaken to encourage and assist Class Members in perfecting their claim(s):

(a) On or before March 8, 2000: a mailing will be sent out to all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000;

(b) On or before March 22, 2000: another mailing will be sent to all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000;

(c) On or before March 29, 2000: telephone calls will be placed to the best available telephone number(s) for all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000; and

(d) On or before April 5, 2000: telephone calls will be placed to the best available telephone number(s) for all Class Members whose claim is unperfected advising of the need to perfect their claim on or before April 10, 2000.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| KENT STEINER, LEE HAMMER, and JAMES GOODLAND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONTROL DATA SYSTEMS, INC., CONTROL DATA SYSTEMS, INC. RETIREMENT PLAN, MICHAEL KOTTEN, WILLIAM B. COCHRAN, CONTROL DATA SYSTEMS, INC. RETIREMENT TRUST, CONTROL DATA SYSTEMS, INC. RETIREMENT COMMITTEE, INDIVIDUAL CONTROL DATA SYSTEMS, INC. RETIREMENT COMMITTEE MEMBERS, (JOHN DOES 1-10), CERIDIAN CORPORATION, CERIDIAN CORPORATION RETIREMENT PLAN, CERIDIAN CORPORATION MASTER RETIREMENT TRUST, CONTROL DATA CORPORATION, and CONTROL DATA CORPORATION RETIREMENT PLAN,<br><br>Defendants. | ) | No. 98-CV-1489<br>RHK/JMM |

ORDER FOR FINAL JUDGMENT OF DISMISSAL OF CLASS ACTION

This matter having come before the Court on the application of the parties for approval of the settlement set forth in the Amended Settlement Agreement dated ~~June 18~~ July 1, 1999, and the exhibits annexed thereto (the "Agreement") relating to the above-captioned class action, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, it is this 25th day of August, 1999:

ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the Class.

FILED 8-25-99
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD AUG 25 1999
DEPUTY CLERK ______

EXHIBIT D

2. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement.

3. This Court hereby approves the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions.

4. The Court hereby dismisses with prejudice and without costs plaintiffs' Complaint.

5. The plaintiffs and all other members of the Class ~~who failed to properly and timely exercise their opt out rights in this lawsuit~~ are hereby conclusively deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, either directly or indirectly, against the Released Parties, any and all claims, demands, rights, liabilities or causes of action known or unknown, which arise from or are related to matters set forth in the Complaint. All such matters are hereby finally concluded, terminated and extinguished.

6. The notice given to members of the Class fully and accurately informed the members of the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the Class, complying fully with Rule 23 of Federal Rules of Civil Procedure and the United States Constitution.

7. Without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement including, without limitation, all matters relating to the award of Plaintiffs' Class Counsel's attorneys' fees and litigation costs and expenses.

8. Plaintiffs' Counsel are hereby awarded 33 1/3 % of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $23,700 in reimbursement of litigation costs and expenses, which shall be paid with interest on the amount earned thereon 31 days subsequent to the entry hereof to Susman & Watkins from the Settlement Fund. In addition, Plaintiffs' Counsel shall have the right to seek additional amounts from the Settlement Fund as reimbursement for subsequently incurred out of pocket expenses.

9. The Plaintiff Class representatives, Kent Steiner, James Goodland and Lee Hammer, are each awarded the sum of $5,000 in recognition of the benefits they have bestowed on the Class.

10. This Order resolves all issues between Plaintiffs and Defendants relating to any alleged improper calculations or distributions of lump sum payments.

11. Pursuant to Rule 54(b), Federal Rules of Civil Procedure, there is no just reason for delay and judgment is directed to be immediately entered.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Enter:

United States District Judge Richard Kyle

Dated: ~~September~~ August 21, 1999

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

IN RE ANCOR COMMUNICATIONS, INC. SECURITIES LITIGATION

MASTER FILE NUMBER 97-CV-1696 ADM/JGL

---

# ORDER FOR FINAL JUDGMENT

WHEREAS, the parties to the above-described class action (the "Litigation") entered into a Stipulation of Settlement as of November 5, 1998 (the "Stipulation" or "Settlement"); and

WHEREAS, on November 6, 1998, the Court preliminarily certified the following class in this action:

> All persons who purchased or otherwise acquired shares of Ancor common stock during the period May 15, 1996, through March 14, 1997, inclusive. Excluded from the class are defendants, members of the immediate family of any of the Individual Defendants, any entity in which any defendant has or had a controlling interest and the legal representatives, heirs, successors or assigns of any defendant;

and

WHEREAS, Ancor Communications, Inc. ("Ancor"), the Individual Defendants and the Plaintiff Class (collectively, the "Parties") in the Litigation, applied for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure preliminarily approving a proposed settlement of the class action in accordance with the Stipulation. The Stipulation was preliminarily approved by the Court by Order dated November 6, 1998. That Order also approved the form of notice of the Settlement to Plaintiff Class



FEB 0 5 1999

FILED ____________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD FEB 0 5 1999
DEPUTY CLERK ____________

EXHIBIT E

Members, directed that appropriate notice of the settlement be given to Plaintiff Class Members and set a hearing date for final approval of the Settlement; and

WHEREAS, notice of the Settlement was mailed to Plaintiff Class Members on December 10, 1998, and a summary notice of the Settlement was published in the Legal Monday Section of USA Today on December 14, 1998; and

WHEREAS, on February 5, 1999, at 9:00 a.m., at the United States District Court, District of Minnesota, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, the Court held a hearing on whether the Settlement was fair, reasonable, adequate and in the best interests of the Plaintiff Class (the "Settlement Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Settlement Hearing; having considered all of the files, records and proceedings in the Litigation, the benefits to the Plaintiff Class under the Settlement and the risks, complexity, expense and probable duration of further litigation and being fully advised in the premises,

THE COURT HEREBY FINDS AND CONCLUDES that:

A. This Court has jurisdiction over the subject matter of the Litigation.

B. The Plaintiff Class defined below should be certified for the purposes of the Settlement and this Judgment:

> All persons who purchased or otherwise acquired shares of Ancor common stock during the period May 15, 1996,

through March 14, 1997, inclusive. Excluded from the class are defendants, members of the immediate family of any of the Individual Defendants, any entity in which any defendant has or had a controlling interest and the legal representatives, heirs, successors or assigns of any defendant.

C. With respect to the Plaintiff Class: (i) the members of the Plaintiff Class are so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Plaintiff Class; (iii) the claims of the Representative Plaintiffs are typical of the claims of the Plaintiff Class; (iv) in negotiating the Settlement and entering into the Stipulation, the Representative Plaintiffs and their counsel fairly and adequately represented and protected the interests of the Plaintiff Class; (v) questions of law and fact predominate over any questions affecting only individual class members; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

D. The form, content and method of dissemination of the notices given to Plaintiff Class Members, including both published notice and individual notice to all Plaintiff Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

E. The notices, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-

4(7)(A)-(F), and constituted due and sufficient notice of the matters set forth therein.

F. The Settlement and Plan of Distribution set forth in the Notice of Class Action Settlement and of Hearing is fair, reasonable, adequate and in the best interests of the Plaintiff Class and the defendants.

G. The Representative Plaintiffs and the Plaintiff Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation.

H. The Class Settlement Fund shall be and is hereby deemed a "qualified settlement fund" as that term is defined by Treasury Regulation 1.468B-1.

I. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

1. The following class is certified as a class for these settlement proceedings:

> All persons who purchased or otherwise acquired shares of Ancor common stock during the period May 15, 1996, through March 14, 1997, inclusive. Excluded from the class are defendants, members of the immediate family of any of the Individual Defendants, any entity in which any defendant has or had a controlling interest and the legal representatives, heirs, successors or assigns of any defendant.

2. The Settlement and Plan of Distribution set forth in the Notice of Class Action Settlement and of Hearing is fair, reasonable, adequate and in the best interests of the Plaintiff

Class and the defendants, and it shall be consummated in accordance with the terms and provisions of the Stipulation.

3. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on the merits and without taxation of costs in favor of or against any party in full and final discharge of any and all claims asserted or that could have been asserted in the Litigation. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for or award of attorneys' fees, costs or expenses shall in no way delay or preclude the judgment from becoming Final.

4. Each Representative Plaintiff and each Class Member as defined in the Stipulation who has not submitted a timely and proper request for exclusion from the Class is hereby conclusively deemed to have released

(a) Ancor Communications, Inc., a Minnesota corporation, and all and each of its predecessors, successors, subsidiaries, parents, affiliates and related corporations and entities, and all and each of its and their present, former and future officers, directors, shareholders (other than members of the Plaintiff Class), employees, agents, attorneys, representatives, assigns, partners, principals and insurers; and

(b) Stephen O'Hara, Lee B. Lewis and Dale Showers, all and each of them, and all and each of their respective assigns, successors, attorneys, accountants, agents,

trusts, trustees, representatives, heirs, executors, administrators and insurers

with respect to any and all claims and causes of action, rights or liabilities, whether at law or equity, based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known, unknown, foreseen and unforeseen claims which were or could have been brought individually or on a class basis in the Litigation including, but not limited to, claims which relate directly or indirectly to any of the facts, transactions, events, occurrences, acts and all Settled Claims (the "Released Claims") or omissions mentioned or referred to in the Class Action Complaint.

5. All Plaintiff Class Members who have not submitted a timely and proper request for exclusion from the class are hereby permanently enjoined and barred from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which the Plaintiff Class Members, or any of them, had, have or may in the future have against the defendants, or any of them, arising out of, based upon or otherwise related to the Released Claims.

6. Counsel for Representative Plaintiffs are hereby awarded a fee from the Class Settlement Fund created by the Settlement in this matter equal to THIRTY-THREE AND ONE/THIRD (33-1/3%) percent of the gross Settlement funds, including interest earned on said funds. Additionally, counsel for the Representative Plaintiffs are hereby awarded costs and expenses

in the amount of $66,195.38. These amounts are to be paid to the Chestnut & Brooks, P.A. Trust Account for further distribution as Plaintiffs' Lead Counsel may determine.

Expenses of administering this Settlement shall be paid from the Class Settlement Fund. A reserve to handle future contingencies shall be established in the amount of $40,000.00.

7. Neither the Settling Defendants nor AESIC shall have responsibility of any kind with respect to the distribution of the Court-approved Class notice or the processing of claims against the Class Settlement fund or otherwise with respect to the administration of this settlement or the Class Settlement Fund nor shall the Settling Defendants have any responsibility for allocation of the attorneys' fees, costs or expenses, if any, which may be awarded by the Court.

8. The Court, without affecting the finality of this Order for Final Judgment, hereby retains and reserves jurisdiction over (a) implementation of the Settlement and any distributions to Authorized Claimants under the terms and conditions of the Stipulation and pursuant to further orders of this Court; (b) disposition of the Class Settlement Fund under the terms and conditions of the Stipulation and notices; (c) the Litigation, until (i) the Effective Date contemplated by Paragraph I(I) of the Stipulation, which will occur on the date upon which this judgment becomes not subject to further appeal or review, and (ii) each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of

the Stipulation, including the exhibits annexed thereto; (d) the Litigation, for the purposes of implementing distribution to shareholders in accordance with the notice; and (e) all Parties, for the purpose of enforcing and administering the Stipulation and Settlement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 5, 1999

Ann Montgomery

The Honorable Ann D. Montgomery
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
4-95-CV-631

In re
LaserMaster Technologies, Inc.
Securities Litigation

ORDER

WHEREAS, the parties to the above-described class action (the "Litigation") entered into a Stipulation of Settlement as of July 11, 1997 (the "Stipulation" or "Settlement"); and

WHEREAS, on December 5, 1996, the Court ordered that this action proceed as a class action with the following certified class:

> All persons or other entities who purchased LaserMaster Common Stock on the open market during the period December 2, 1993, through December 8, 1994, inclusive, and who suffered damage thereby. Excluded from the Class are the defendants herein, members of the immediate family of each of the Individual Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which defendants have a controlling interest or which is related to or affiliated with either the Individual Defendants or LaserMaster, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party;

and

EXHIBIT F

WHEREAS, LaserMaster Technologies, Inc. ("LaserMaster"), the Individual Defendant directors and officers and the Plaintiff Class (collectively, the "Parties") in the Litigation, applied for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure preliminarily approving a proposed settlement of the class action in accordance with the Stipulation. The Stipulation was preliminarily approved by the Court by Order dated July 21, 1997. That Order also approved the plan of allocation and the forms of notice of the settlement to Plaintiff Class Members, directed that appropriate notice of the settlement be given to Plaintiff Class Members and set a hearing date for final approval of the settlement; and

WHEREAS, notice of the Settlement was mailed to Plaintiff Class Members on August 11, 1997, and a summary notice of the Settlements was published in the Legal Monday Section of *USA Today* on August 18, 1997; and

WHEREAS, on October 6, 1997, at 3:00 p.m., at the United States District Court, District of Minnesota, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, the Court held a hearing to determine whether the Settlement was fair, reasonable, adequate and in the best interests of the Plaintiff Class and to consider the Joint Application for

torneys' Fees filed by counsel for the Plaintiff Class; and

WHEREAS, Attorney Lawrence Schonbrun, on behalf of purported class member, Wilfred George, filed an objection and notice of intention to appear at the October 6, 1997 hearing; and

WHEREAS, neither Attorney Schonbrun nor Wilfred George appeared at the hearing and therefore, the Court indicated that it would hold in abeyance its order for 24 hours from the time of the scheduled hearing to give Attorney Schonbrun or Wilfred George an opportunity to contact the Court regarding their objection to the settlement and Joint Application for Attorneys' Fees; and

~~WHEREAS, neither Attorney Schonbrun, Wilfred George, nor any other Class Members have contacted the Court in the 24 hours since~~ the October 6, 1997 hearing to register any objections to the settlement or the Joint Application for Attorneys Fees; and

WHEREAS, having heard the statements of counsel for the parties and of such persons as chose to appear at the October 6, 1997 hearing and having considered all of the files, records and proceedings in the Litigation, the benefits to the Class under the settlement and the risks, complexity, expense and probable duration of further litigation and being fully advised in the premises,

THE COURT HEREBY FINDS AND CONCLUDES that:

A. This Court has jurisdiction over the subject matter of

e Litigation.

B. The form, content and method of dissemination of the notices given to Plaintiff Class Members, including both published notice and individual notice to all Plaintiff Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

C. The notices, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process and constituted due and sufficient notice of the matters set forth therein.

D. The Settlement set forth in the Stipulation is fair, reasonable, adequate and in the best interests of the Plaintiff Class and the defendants.

E. The Representative Plaintiffs and their counsel fairly and adequately represent the interests of the Plaintiff Class Members in connection with the Settlement.

F. The Representative Plaintiffs and the Plaintiff Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation.

G. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as

pugh fully set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that

1. The Notice of Objection and of Intention to Appear at Hearing on Proposed Settlement and Award of Attorneys' Fees and Declaration in Support Thereof filed by Attorney Schonbrun is stricken upon the Court's own motion. It has, however, been accepted as a Court Exhibit, subject to the terms set forth on the record.

2. The Settlement set forth in the Stipulation is fair, reasonable, adequate and in the best interests of the Plaintiff ~~Class and the defendants, and it shall be consummated in accordance with the terms and provisions of the Stipulation.~~

3. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on the merits and without taxation of costs in favor of or against any party. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for or award of attorneys' fees, costs or expenses shall in no way delay or preclude the judgment from becoming Final.

4. Each Representative Plaintiff and each Plaintiff Class Member who has not submitted a timely and proper request for exclusion from the Class is hereby conclusively deemed to have

released (a) LaserMaster Technologies, Inc., a Minnesota corporation, and all and each of its predecessors, successors, subsidiaries, parents, affiliates and related corporations and entities, and all and each of its and their present, former and future officers, directors, shareholders (other than members of the Plaintiff Class), employees, agents, attorneys, representatives, assigns, partners, principals and insurers; and (b) Melvin L. Masters, Robert J. Wenzel and Lawrence J. Lukis, all and each of them, and all and each of their respective assigns, successors, attorneys, accountants, agents, trusts, trustees, representatives, heirs, executors, administrators and insurers with respect to any and all claims which any of them had arising out of, relating to or in any way connected with (a) the purchase during the Class Period of any LaserMaster securities by a Plaintiff Class Member; and (b) any of the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that are alleged or referred to in the Litigation.

5. This Court previously dismissed, without prejudice, defendant Ralph Rolen from the litigation. This Court's Order is now amended to provided that Mr. Rolen is dismissed, with prejudice, from this litigation, each party to pay its own costs.

6. All Plaintiff Class Members are hereby permanently

enjoined and barred from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which the Plaintiff Class Members, or any of them, had, have or may in the future have against the defendants, or any of them, arising out of, based upon or otherwise related to the Settled Claims.

7. Plaintiffs' counsel are hereby awarded $66,702.29 as reimbursement for costs and expenses incurred in the litigation of this matter, and such reimbursement shall be made in full, out of the cash portion of the Settlement Fund, no sooner than 31 days after the date of this Order;

8. Plaintiffs' counsel are hereby ordered to reimburse Princeton Venture Research, Inc. in the amount of $66,929.02 for expert fees and expenses incurred in the litigation of this matter; said payment shall be made out of the cash portion of the Settlement Fund no sooner than 31 days after the date of this Order;

9. Each of the named plaintiffs in this matter is hereby awarded $2,000.00 as an incentive award for bringing and assisting in the prosecution of this action on behalf of the class; this sum is in addition to any amount of the Settlement Fund to which the named plaintiffs may be entitled as class members; said incentive

wards shall be paid out of the cash portion of the Settlement Fund no sooner than 31 days after the date of this Order;

10. Plaintiffs' counsel are hereby awarded attorneys' fees in the amount of 33 1/3% of $2,330,368.69 from the cash portion of the Settlement Fund to be paid no sooner than 31 days after the date of this Order. In addition, plaintiffs' counsel are hereby awarded attorney's fees in the amount of 33 1/3% of the LaserMaster Contribution to the Settlement Fund, said contribution to be made by defendant LaserMaster Technologies, Inc. in February 1998, pursuant to the terms of the Stipulation of Settlement on file with the Court, whether said payment be made in cash or in stock.

11. Plaintiffs' counsel are authorized to establish a $25,000 reserve fund out of the cash portion of the Settlement Fund to be used to resolve unforseen problems with administration and other future contingencies.

12. The Court, without affecting the finality of this Order, hereby retains and reserves jurisdiction over (a) implementation of the Settlements and any distributions to Authorized Claimants under the terms and conditions of the Stipulations and pursuant to further orders of this Court; (b) disposition of the Class Settlement Fund under the terms and conditions of the Stipulation and notices; (c) the Litigation, until (I) the Effective Date

contemplated by Paragraph I(H) of the Stipulation, which will occur on the date upon which this judgment becomes not subject to further appeal or review, and (ii) each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Stipulations, including the exhibits annexed thereto; (d) the Litigation, for the purposes of implementing distribution to shareholders in accordance with this notice; and (e) all Parties, for the purpose of enforcing and administering the Stipulation and Settlement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 9, 1997

JAMES M. ROSENBAUM
United States District Judge