UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE CHRONIMED INC. ) <br> SECURITIES LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ACTIONS ) <br> ) | Master File No. <br> 01-CV-1092 (DWF/AJB) |

## AFFIDAVIT OF JACK R. DIGIOVANNI

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )

Jack R. Digiovanni, being duly sworn, deposes and says:

1. I am a Director for Securities Operations of The Garden City Group, Inc. ("GCG"), the Claims Administrator authorized by Bernstein Litowitz Berger & Grossmann LLP, pursuant to the Order for Notice and Hearing (the "Order"), dated March 15, 2004, in connection with the above-captioned action (the "Litigation"). I have personal knowledge of the facts stated herein.

2. Pursuant to the Order, GCG was responsible for disseminating the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice") and the Proof of Claim and Release of this Litigation to potential Class Members. Toward that end, on March 25, 2004, GCG received from Bernstein Litowitz Berger & Grossmann LLP, via email, a list of 654 Chronimed shareholders who were issued shares from October 27, 1999 through June 13, 2001. GCG removed duplicate name and address records thereby reducing the

331387v1

654 shareholder records to 199 unique shareholder records. GCG entered the resulting 199 names and addresses into the GCG database created for this Litigation.

3. On March 26, 2004, GCG provided Rolls Offset, the printing and mailing contractor selected by GCG, a data transmission containing names and addresses of the 199 shareholders, identified in paragraph 2. These names and addresses were preprinted on the Proof of Claim and Release and inserted into envelopes containing the Notice collectively (the "Claim Packet"), a copy of which is attached as Exhibit A, and were disseminated to potential Class Members by first class mail March 29, 2004 (the "Initial Mailing").

4. Also as part of the Initial Mailing, GCG produced a file from its existing database containing the names and addresses of 2,979 of the largest brokerage firms, banks, institutions and other nominees. This file was sent to Rolls Offset, which printed these names and addresses onto envelopes containing Claim Packets and mailed by first class mail on March 29, 2004 (the "Broker Mailing"). Attached hereto as Exhibit B is the affidavit of John Pizzuto, President of Rolls Offset, attesting to these mailings.

5. To respond to inquiries from potential Class Members, GCG established a toll-free Interactive Voice Response ("IVR") system to accommodate potential claimants. This system became operational on March 29, 2004. As of June 7, 2004, GCG has received a total of 67 calls, out of which 9 potential claimants left messages and/or requests to speak with GCG Administrators for assistance, all of which have been responded to in a timely manner.

6. Also pursuant to the Order, GCG Communications, the media division of GCG, published the Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing for distribution in The Wall Street Journal on April 2, 2004. Attached hereto as Exhibit C is the affidavit of Mike Henley Advertising Clerk for the publisher of The Wall Street Journal, attesting to this publication.

7. As of June 7, 2004, GCG has received 4,318 names and addresses of potential Class Members from individuals or brokerage firms, banks, institutions and other nominees, in the form of lists, labels, e-mails and disks requesting that Claim Packets be mailed to these individuals. Also, GCG has received 768 bulk requests from brokers and other nominee holders for Claim Packets to forward to their customers.

8. In the aggregate, 8,370 Claim Packets (including 106 Claim Packets that were remailed to updated addresses provided to GCG by the US Postal Service) were promptly disseminated to potential Class Members by first class mail.

9. Pursuant to the terms of the Notice, Class Members had until June 8, 2004, (postmarked) to request for exclusion from the Class. As of the execution date of this affidavit, GCG did not receive any requests for exclusion from the Class.

s/Jack R. DiGiovanni

Sworn to before me this
9th day of June, 2004.

s/Zenay R. Arnold
Notary Public, State of New York
No. 01AR5070365
Qualified in Nassau County
Commission Expires 12/9/06

331387v1                                3

| | | |
|---|---|---|
| **Must be Postmarked No Later Than August 18, 2004** | In re Chronimed Inc. Securities Litigation<br>c/o The Garden City Group, Inc.<br>Claims Administrator<br>P.O. Box 9000 #6211<br>Merrick, NY 11566-9000<br>1 (866) 808-3577 | CHR  |

## PROOF OF CLAIM AND RELEASE

Claim Number:       Control Number:

WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:*

Name:

Address:

City:

State/Country:

Zip Code:

*IF THE ABOVE AREA IS BLANK, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE* ➡

**Please fill in Social Security Number/ Taxpayer ID Number if box is blank:**

Daytime Telephone Number: (   )    -
Evening Telephone Number: (   )    -

Identity of Claimant: (Complete only the applicable portions)

☐ Individual           ☐ Partnership
☐ Corporation          ☐ Joint Owners
☐ IRA, Keogh or other type   ☐ Other_____(specify)
of Individual Retirement Plan
(specify type of plan) _____

Trust/Custodian/Nominee _____

Account#/Fund# (Not necessary for Individual filers) _____ Trust/Pension Date _____

**GENERAL INSTRUCTIONS** (Unless defined otherwise herein, defined terms have the meanings given them in the Notice.)

   1.   It is important that you completely read and understand the Notice of Pendency of Class Action (the "Notice"), including the Plan of Allocation of Net Settlement Fund (the "Plan") described therein, that accompanies this Proof of Claim and Release. The Notice and the Plan describe the proposed Settlement, how members of the class are affected by it, and the manner in which the Net Settlement Fund will be distributed, if the Settlement and Plan are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim and Release. By signing and submitting the Proof of Claim and Release, you will be certifying that you have read and that you understood the Notice.

   2.   IN ORDER TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, BY FIRST-CLASS MAIL, POSTAGE PREPAID, POSTMARKED ON OR BEFORE AUGUST 18, 2004, ADDRESSED TO:

In re Chronimed Inc. Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6211
Merrick, NY 11566-9000

   3.   This Proof of Claim and Release is directed to: All persons and entities who purchased or otherwise acquired the common stock of Chronimed from October 27, 1999, through June 13, 2001, inclusive, excluding Defendants, the members of the family of each of the Individual Defendants, officers and/or directors of Chronimed, parents, subsidiaries and affiliates of Chronimed, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party (the "Class").

   4.   "Class Member" means any person or entity who is a member of the Class, but excluding those persons or entities who or which timely submit Requests for Exclusion from the Class in accordance with the procedures set forth in the Notice of Pendency dated March 29, 2004.

**EXHIBIT A**



5. "Claimant" means the person or entity who or which submitted or submits a Proof of Claim and Release or on whose or which behalf a Proof of Claim and Release is submitted.

6. IF YOU ARE NOT A MEMBER OF THE CLASS, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE CLASS, OR IF YOU SOLD OR ASSIGNED YOUR CLAIM TO ANOTHER, DO NOT SUBMIT A PROOF OF CLAIM AND RELEASE. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A MEMBER OF THE CLASS. THUS, IF YOU FILE IN A TIMELY MANNER A REQUEST FOR EXCLUSION FROM THE CLASS, ANY PROOF OF CLAIM AND RELEASE THAT YOU SUBMIT, OR WHICH MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

7. To recover from the Settlement as a Class Member, you must complete and sign this Proof of Claim and Release and mail it to the Claims Administrator on or before August 18, 2004. If you fail to file a timely, properly addressed, and completed Proof of Claim and Release, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

8. Submission of this Proof of Claim and Release does not ensure that you will share in the proceeds of the Net Settlement Fund. Distributions from the Net Settlement Fund are governed by the Plan of Allocation described in the Notice, which is subject to the approval of the Court.

If you have questions concerning the Proof of Claim and Release, or need additional copies of the Proof of Claim and Release or the Notice, you may contact the Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9000 #6211, Merrick, NY 11566-9000 or by phone at 866-808-3577, or you can e-mail your inquiries through or download the documents from the Claims Administrator's Internet web site, www.gardencitygroup.com.

9. If you are a Class Member, and if the Court approves the Settlement, you will be bound by the terms of any judgment that the Court enters, whether or not you submitted or submit a Proof of Claim and Release, including that part of the judgment that enjoins the filing or continued prosecution of released Claims, and that releases the Released Claims against the Released Parties, including those that are subject to pending lawsuits or arbitrations.

10. **You are required to submit genuine and sufficient documentation for all your transactions in Chronimed common stock during the period from October 27, 1999, through and including June 13, 2001. In addition, you are required to submit genuine and sufficient documentation to show your holdings in the Chronimed common stock as of the particular dates set forth in the following claim form.** This documentation may be photocopies of stockbrokers' confirmation slips; stockbrokers' monthly statements (reflecting your opening and closing balances for the months specified on the actual claim form, and in which transactions during the Class Period occurred); schedules attached to tax filings; or signed letters from brokers, on their letterheads, giving all the information that would be found on a confirmation slip. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR. FAILURE TO SUPPLY THIS DOCUMENTATION COULD RESULT IN REJECTION OF YOUR CLAIM. DO <u>NOT</u> SEND ORIGINAL STOCK CERTIFICATES.

11. All joint purchasers must sign this Proof of Claim and Release.

12. Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim and Release on behalf of persons represented by them, and they must:

   a. expressly state the capacity in which they are acting;
   b. identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the stock; and
   c. furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting to the Proof of Claim and Release (authority to complete and sign a Proof of Claim and Release cannot be established by stockbrokers only demonstrating that they have discretionary authority to trade stock in another's accounts).

13. By submitting a signed Proof of Claim and Release, you will be swearing that you:

   a. own(ed) the stock you have listed in the Proof of Claim and Release; or
   b. are expressly authorized to act on behalf of the owner thereof.

14. By submitting a signed Proof of Claim and Release, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to the penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with a large number of transactions may request, or may be requested, to submit information regarding their transactions in an electronic format. All claimants who submit their transactions in an electronic format MUST also submit a manually signed paper Proof of Claim form attaching a copy of their electronic filing. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written or e-mail acknowledgement of receipt and acceptance of electronically submitted data.



## SCHEDULE OF TRANSACTIONS IN CHRONIMED COMMON STOCK

If you need additional space for any or all transactions, you may list your transactions on sheets of paper in the same format as this Proof of Claim. Check the appropriate box and make sure to put your name, address and signature on each additional sheet. MAKE SURE YOU ATTACH DOCUMENTATION SHOWING: (1) YOUR OPENING BALANCES AS SET FORTH ON EACH CLAIM FORM SHEET, WHERE APPLICABLE; (2) ALL TRANSACTIONS IN CHRONIMED COMMON STOCK DURING THE CLASS PERIOD FROM OCTOBER 27, 1999 THROUGH AND INCLUDING JUNE 13, 2001; AND (3) YOUR HOLDINGS IN THE CHRONIMED COMMON STOCK AS OF JUNE 13, 2001.

### COMMON STOCK

**BEGINNING HOLDINGS:** Number of shares of Chronimed common stock held at the beginning of trading on **October 27, 1999**: ☐

Proof of Holding Enclosed?   ☐ Yes ☐ No

**PURCHASES:** List all purchases or acquisitions of Chronimed common stock during the period from **October 27, 1999** through and including **June 13, 2001**:

| Trade Date(s) of Purchase (List Chronologically) Month/Day/Year | Number of Shares Purchased | Total Purchase Price To Nearest Whole Dollar (Net of Commissions, etc.) | Proof of Holding Enclosed? | Important: Check here if Purchase was used to cover "Short Sale" |
|---|---|---|---|---|
| / / | | $ | ☐ Yes ☐ No | ☐ |
| / / | | $ | ☐ Yes ☐ No | ☐ |
| / / | | $ | ☐ Yes ☐ No | ☐ |

**SALES:** List all sales of Chronimed common stock during the period of **October 27, 1999** through and including **June 13, 2001**:

| Trade Date(s) of Sale (List Chronologically) Month/Day/Year | Number of Shares Sold | Total Sales Price To Nearest Whole Dollar (Net of Commissions, etc.) | Proof of Holding Enclosed? |
|---|---|---|---|
| / / | | $ | ☐ Yes ☐ No |
| / / | | $ | ☐ Yes ☐ No |
| / / | | $ | ☐ Yes ☐ No |

**UNSOLD HOLDINGS:** Number of shares of Chronimed common stock held as of the close of business on **June 13, 2001**: ☐

Proof of Holding Enclosed?   ☐ Yes ☐ No

**If you require additional space, attach copies of this page as necessary.** Sign and print your name on each additional sheet.
☐ Check here if additional transactions are included on separate schedule(s).

**YOU MUST READ THE RELEASE AND SIGN THE CERTIFICATION ON PAGE 5.**
**FAILURE TO SIGN THE CERTIFICATION MAY RESULT IN A DELAY IN PROCESSING OF YOUR CLAIM.**



## RELEASE OF CLAIMS

**Definitions**

For the purpose of the Proof of Claim and Release, defined terms have the following meanings. (Other defined terms have the meanings given them in the Notice.)

"Effective Date" means thirty (30) days after: (i) the Judgment (as defined herein) having been entered in the Action and having been finally affirmed on appeal and/or being no longer subject to review by appeal, certiorari, or otherwise, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, having expired.

"Judgment" means the Order or Orders entered by the Court if and upon approval of the Settlement, dismissing the Action with prejudice, on the merits and without costs (except to the extent awarded by the Court) to any party, releasing all Settled Claims as against the Released Defendant Parties, and enjoining Class Members and any Person acting on their behalf from instituting, continuing or prosecuting any action asserting any Settled Claims against any Released Defendant Parties.

"Settled Claims" means all claims (including Unknown Claims as defined herein), causes of action, demands, attorneys' fees, costs, obligations, controversies, debts, damages, losses, and liabilities of any kind or nature whatsoever, whether arising under state or federal law, whether known or unknown, suspected or unsuspected, that exist at any point from the beginning of time to the date of execution of the Stipulation by Lead Plaintiff or any Class Member against any of the Released Defendant Parties, arising out of or related to (i) the purchase of Chronimed common stock from October 27, 1999, through June 13, 2001, inclusive; and (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act that were or could have been alleged in the Action.

"Released Defendant Parties" means Chronimed and the Individual Defendants named in the Action, their present or former assigns, affiliates, administrators, executors, successors, subsidiaries, corporate parents, or related companies, or any of their present or former officers, directors, shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts, and/or insurers.

"Unknown Claims" means any and all Settled Claims that Lead Plaintiff or other Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties.

## THE RELEASE

Without further action by anyone, on and after the Effective Date, each member of the Class and any person acting on behalf of any or all of the foregoing, including, but not limited to, members of the Class who are parties to any other actions, arbitrations, or other proceedings against any of the Released Parties that are pending on the Effective Date, on behalf of themselves, their heirs, representatives, executors, administrators, successors, assigns, and any Person they represent, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and the Judgment shall have fully, finally, and forever released, relinquished, settled and discharged all Settled Claims against each and every one of the Released Defendant Parties, including, but not limited to, such Settled Claims as already may have been asserted in any pending actions, arbitrations, or other proceedings, and whether or not a Proof of Claim and Release was or is executed and delivered by, or on behalf of, such member of the Class; provided, however, that nothing in the Judgment shall bar any action or claim to enforce the terms of the Stipulation of Settlement with the Defendants or the Judgment.

## SIGNATURE AND CERTIFICATION

By signing and submitting this Proof of Claim and Release, the Claimant or the person who represents the Claimant certifies, as follows:

1. that the Claimant is a Class Member, as defined in the Notice;

2. that I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

3. that I (we) are not acting for any of the Defendants, nor am I (are we) otherwise excluded from the Class;

4. that I (we) have not sold or assigned my (our) claim to another;

5. that I (we) own(ed) the Chronimed common stock identified in the Proof of Claim and Release, or that, in signing and submitting this Proof of Claim and Release, I (we) have the authority to act on behalf of the owner(s) thereof;

6. that Claimant may be entitled to receive a distribution from the Net Settlement Fund;

7. that Claimant desires to participate in the Settlement described in the Notice and agrees to the terms and conditions thereof;



8.   that if I am a (we are) members(s) of the Class, I (we) submit to the jurisdiction of the United States District Court for the District of Minnesota for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

9.   that I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as Lead Counsel or the Court may require; and

10.   that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim and Release.

### SUBSTITUTE FORM W-9
### Request for Taxpayer Identification Number ("TIN") and Certification

On Page 1, please enter name and check the appropriate box in the Identity of Claimant section. Also please enter Taxpayer Identification Number ("TIN") number in the space provided on Page 1.

- For individuals, this is your Social Security Number ("SSN")
- For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
- For other entities, it is your EIN.

### From Payees Exempt From Backup Withholding

If you are exempt from backup withholding, enter your correct TIN on Page 1 and write "exempt" on the following line. _____.

### Certification
UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT:

1.   The number shown on this form is my correct Taxpayer Identification Number.

2.   I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the Internal Revenue Service that your are subject to backup withholding, you must cross out Item 2 above.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT THE STATEMENTS MADE AND ANSWERS GIVEN IN THIS PROOF OF CLAIM AND RELEASE ARE TRUE AND CORRECT AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND GENUINE.

Executed this _____ day of _____, in _____, _____.
                              (Month/Year)                  (City)           (State/Country)

_____          _____
(Sign your name here)                             (Type or print your name here)

_____          _____
Signature of Joint-Owner Claimant (if any)        (Type or print your name here)


_____
(Capacity of person(s) signing, e.g., Beneficial
Purchaser, Executor or Administrator)

Proof of Authority to File Enclosed   ☐ Yes  ☐  No
(See Proof of Claim Instruction paragraph 12.)

5

# ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

### REMINDER CHECKLIST

1. Please read the Release and sign the Certification on Page 5 of the Proof of Claim and Release Form.
2. If this claim is made on behalf of joint claimants, then both must sign.
3. Please, remember to attach supporting documents.
4. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.
5. Keep a copy of your Proof of Claim and Release and all documentation submitted for your records.
6. The Administrator will acknowledge receipts of your Proof of Claim and Release by mail. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 30 days, please call the Administrator toll free at 1 (866) 808-3577.
7. If you move, please send us your new address.
8. **Do not use highlighter on Proof of Claim and Release or supporting documentation.**

**YOU MUST MAIL THIS FORM AND YOUR SUPPORTING DOCUMENTATION SO THAT IT IS POSTMARKED NO LATER THAN AUGUST 18, 2004.**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------------------x
IN RE CHRONIMED INC.                         :
SECURITIES LITIGATION                        :          Master File No.
                                             :          01-CV-1092 (DWF/AJB)
THIS DOCUMENT RELATES TO ALL ACTIONS         :
---------------------------------------------x

### NOTICE OF PENDENCY OF CLASS ACTION, HEARING ON PROPOSED SETTLEMENT AND ATTORNEYS' FEE PETITION AND RIGHT TO SHARE IN SETTLEMENT FUND

TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CHRONIMED INC. ("CHRONIMED") FROM OCTOBER 27, 1999, THROUGH JUNE 13, 2001, INCLUSIVE (THE "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THIS CLASS ACTION AND, IF YOU ARE A MEMBER OF THE CLASS, CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE SETTLEMENT AS FURTHER DESCRIBED BELOW.

SUMMARY OF SETTLEMENT

A. Statement of Plaintiff Recovery: Lead Plaintiff, individually and as a representative of the Class, has entered into a proposed settlement (the "Settlement") of this action (the "Action") with Defendants (as defined below) that will resolve all claims of Lead Plaintiff and the Class against Defendants. The Settlement will create a settlement fund (the "Gross Settlement Fund") that totals $2,200,000 in cash and any interest earned thereon. The average recovery per share depends on a number of variables, including when members of the Class purchased or otherwise acquired and/or sold Chronimed common stock, the number of shares affected, and the amount of inflation per share. The expert on damages retained by Lead Plaintiff estimates that approximately 5.7 million shares of Chronimed common stock were traded between October 27, 1999, and June 13, 2001, inclusive (the "Class Period"). Assuming that all affected shares elected to participate in the Settlement, the average recovery per share of the Gross Settlement Fund is estimated by Lead Plaintiff's damages expert at approximately $0.39 per share, but with some members of the Class recovering more and some less, depending on when their shares were acquired and if and when their shares were sold, as more fully described below in the Plan of Allocation. Under the relevant securities laws, a claimant's recoverable damages are limited to the losses attributable to the alleged securities law violations. Losses that resulted from factors other than an alleged securities law violation are not recoverable from the Gross Settlement Fund.

B. Statement of Potential Outcome: The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim asserted. The issues on which the parties disagree include: (1) the appropriate economic model for determining the amount by which Chronimed common stock was allegedly artificially inflated during the Class Period; (2) the amount by which the trading price of Chronimed common stock was allegedly artificially inflated during the Class Period; (3) the effect of various market forces influencing the trading price of Chronimed common stock during the Class Period; (4) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Chronimed common stock at various times during the Class Period; (5) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced the trading price of Chronimed common stock during the Class Period; and (6) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws. Defendants deny all liability and dispute the maximum amount of damages recoverable if the Class prevailed on each of its claims.

C. Statement of Attorneys' Fees and Costs Sought: Plaintiff's Lead Counsel have not received any payment for their services in conducting this litigation, nor have they been reimbursed for their out-of-pocket expenditures. Plaintiff's Lead Counsel intend to apply for an award of attorneys' fees in an amount equal to 25% of the Gross Settlement Fund, or approximately $0.0965 per share, plus accrued interest thereon. Plaintiff's Lead Counsel also intend to apply for reimbursement of the out-of-pocket expenses incurred in an amount not to exceed $135,000, or approximately $0.0237 per share.

D. Reasons for Settlement: Lead Plaintiff believes that the proposed Settlement is fair, reasonable, and in the best interests of the Class considering the amount of the Settlement and the immediacy of recovery to the Class. Lead Plaintiff further recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. Lead Plaintiff has also considered the uncertain outcome and the risk of any further litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in any such litigation.

E. Identification of Attorneys' Representatives: Any questions regarding the Settlement should be directed to Plaintiff's Lead Counsel: Jeffrey N. Leibell, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, (212) 554-1400, or Gregg Fishbein, Esq., Lockridge Grindal Nauen P.L.L.P., Suite 2200, 100 Washington Avenue South, Minneapolis, Minnesota 55401, (612) 339-6900.

I.  NOTICE OF SETTLEMENT FAIRNESS HEARING

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to an Order of the United States District Court for the District of Minnesota (the "Court"). The purpose of this Notice is to inform you of the proposed Settlement that has been reached in the Action with Defendants and that a hearing (the "Settlement Hearing") will be held on June 18, 2004, at 11:00 a.m. before the Honorable Donovan W. Frank, at the United States District Court for the District of Minnesota, 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the sum of $2,200,000 in cash and accrued interest thereon should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, the Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated as of March 11, 2004 (the "Stipulation"); (3) whether the proposed Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application by Plaintiff's Lead Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred should be approved.

Pursuant to an Order of the Court dated March 15, 2004, the following Class in the Action has been certified for purposes of the Settlement: all persons and entities who purchased or otherwise acquired the common stock of Chronimed between October 27, 1999, and June 13, 2001, inclusive (the "Class"). Excluded from the Class are Defendants, members of the family of each of the Individual Defendants, officers and/or directors of Chronimed, parents, subsidiaries and affiliates of Chronimed, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any members of the Class who exclude themselves by timely filing a valid request for exclusion in accordance with the requirements set forth in Section VII. below.

II.  DESCRIPTION OF THE ACTION

A.  Lead Plaintiff's Allegations

Beginning on June 15, 2001, the following 9 class actions alleging violations of the federal securities laws were filed with this Court: Barclay v. Chronimed Inc., et al., 01-CV-1092l; Latz v. Chronimed Inc., et al., 01-CV-1132; Cathey v. Chronimed Inc., et al., 01-CV-1175; Gross v. Chronimed Inc., et al., 01-CV-1183; Hunter v. Chronimed Inc., et al., 01-CV-1190; Stunda v. Chronimed Inc., et al., 01-CV-1202; Russell v. Chronimed Inc., et al., 01-CV-1303; Rubin v. Chronimed Inc., et al., 01-CV-1366; and Ramchandran v. Chronimed Inc., et al., 01-CV-1455. On September 24, 2001, these cases were consolidated under the above caption by order of this Court. The above actions are referred to herein as the "Action."

On September 24, 2001, the Court appointed Third Point Partners Management as Lead Plaintiff, and appointed the law firms of Bernstein Litowitz Berger & Grossmann LLP and Lockridge Grindal Nauen PLLP as Plaintiff's Lead Counsel. On November 8, 2001, Lead Plaintiff, on behalf of a class consisting of all persons who purchased or otherwise acquired the common stock of Chronimed from October 27, 1999, through June 13, 2001, inclusive, filed an Amended & Consolidated Class Action Complaint (the "Complaint") asserting claims for relief against Chronimed and the Individual Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Chronimed and the Individual Defendants moved to dismiss the Complaint on January 8, 2002, and on May 16, 2002, the Court denied that motion and sustained the Complaint in its entirety.

The Complaint alleges, among other things, that Chronimed published materially false and misleading financial results for all of fiscal year 2000 and the first three quarters of fiscal year 2001 because Defendants, ignoring warning signs that cast doubt on the reliability of the reported financial results of StatScript, the business segment that accounted for a substantial percentage of the Company's income from continuing operations; failed to establish and maintain accounting and reporting systems and procedures sufficient to reasonably assure that StatScript reported financial results in conformity with Generally Accepted Accounting Principles ("GAAP").

B.  Denials of Liability

Defendants have denied, and continue to deny, that they (either separately or in concert) have violated any law or statute of any jurisdiction or breached any duty, responsibility or contract (whether written or oral, express or implied) or acted improperly in connection with, or as to, Lead Plaintiff or the members of the Class or in any manner whatsoever.

C.  Lead Plaintiff's Litigation of the Claims Asserted

Prior to entering into the Stipulation, Plaintiff's Lead Counsel conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint. They analyzed the claims and researched the applicable law with respect to the claims asserted and Defendants' potential defenses thereto. Plaintiff's Lead Counsel interviewed witnesses and reviewed thousands of pages of documents produced by Defendants. Plaintiff's Lead Counsel also consulted with a damages expert. After evaluating the information obtained during this discovery and their damages expert's analysis concerning issues of materiality, causation and the amount of damages sustained by the Class, Lead Plaintiff and Plaintiff's Lead Counsel concluded that the Settlement should be presented to the Court and the Class on the terms agreed to.

D.  Settlement Discussions

The parties engaged in arm's length negotiations of a potential settlement of the Action over a period of several months. It was only after careful consideration of the respective positions and additional negotiations that agreement was reached to settle the Action on the terms of the proposed Settlement.

III. TERMS OF THE PROPOSED SETTLEMENT

In full settlement of the Action, a total of $2,200,000 in cash will be paid on behalf of Defendants, which amount will be deposited into an interest bearing escrow for the benefit of the Class, and will continue to earn interest until distributed to the Class. The $2,200,000 plus interest earned thereon constitutes the "Gross Settlement Fund."

The consideration for the payment of the Gross Settlement Fund is the entry by the Court of an Order and Final Judgment that will (i) dismiss the Action against Defendants with prejudice, (ii) bar and permanently enjoin Lead Plaintiff and each member of the Class except those who request exclusion from the Class by June 8, 2004 (in the manner described herein), whether or not such member of the Class has submitted a Proof of Claim, from prosecuting the Settled Claims, as defined below, and (iii) provide that any such member of the Class by operation of that Order shall have fully, finally and forever released, relinquished and discharged any and all such Settled Claims.

As used herein, "Settled Claims" means all claims (including "Unknown Claims"), causes of action, demands, attorneys' fees, costs, obligations, controversies, debts, damages, losses, and liabilities of any kind or nature whatsoever, whether arising under state or federal law, whether known or unknown, suspected or unsuspected, that exist at any point from the beginning of time to the date of execution of the Stipulation of Settlement, arising out of the purchase or sale of Chronimed common stock from October 27, 1999, through June 13, 2001, and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act that were or could have been alleged in the Action by Lead Plaintiff or any member of the Class against any of the Released Defendant Parties (i.e., Defendants, their present or former assigns, affiliates, administrators, executors, successors, subsidiaries, corporate parents, or related companies, or any of their present or former officers, directors, shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts, and/or insurers).

Upon approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Gross Settlement Fund will be distributed as follows:

A. To pay costs and expenses in connection with providing Notice to the members of the Class and administering the Settlement on behalf of the Class;

B. To pay Plaintiff's Lead Counsel's attorneys' fees and reimburse expenses incurred by them, with interest thereon (the "Fee Award"), if and to the extent allowed by the Court;

C. To pay the reasonable costs incurred in the preparation of any tax returns required to be filed on behalf of the Gross Settlement Fund as well as the Taxes (and any interest and penalties determined to be due thereon) owed by reason of the earnings of the Gross Settlement Fund, including taxes and tax expenses; and

D. Subject to the approval by the Court of the Plan of Allocation, as set forth in Section VI. below, the balance of the Gross Settlement Fund (the "Net Settlement Fund"), shall be distributed in accordance with the Plan of Allocation to members of the Class who timely submit valid Proofs of Claim ("Authorized Claimants").

Approval of the Settlement is independent from approval of the Plan of Allocation and approval of the Fee Award. Any determination with respect to the Plan of Allocation or the Fee Award will not affect the Settlement, if approved. The Settlement will become effective at such time as an Order entered by the Court approving the Settlement shall become final and is no longer subject to appeal (the "Effective Date").

IV. BENEFITS OF THE SETTLEMENT

Lead Plaintiff has agreed to the Settlement, pursuant to the provisions of the Stipulation, after considering: (i) the substantial and immediate benefits that the members of the Class will receive from the Settlement; (ii) the attendant risks of trial, especially in complex actions such as this Action; (iii) the uncertainty relating to the proof of the allegations contained in the Complaint against Defendants; (iv) the risks associated with establishing damages, loss causation and materiality; and, (v) the conclusion of Plaintiff's Lead Counsel, which was based on an understanding of the facts and the relative strengths and weaknesses of Lead Plaintiff's claims, that resolution of the Action against Defendants upon the terms set forth in the Stipulation is in the best interests of the Class and, under the circumstances, represents a significant recovery for the Class.

V. PARTICIPATION IN THE SETTLEMENT; PROOFS OF CLAIM

Only those members of the Class who purchased or otherwise acquired Chronimed common stock during the Class Period will be eligible to share in the distribution of the Net Settlement Fund. As a condition of the Settlement, each person claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim no later than August 18, 2004, to the address set forth in the attached Proof of Claim form. Unless otherwise ordered by the Court, any member of the Class who fails to submit a Proof of Claim by August 18, 2004, shall be forever barred from receiving any payments pursuant to the Settlement set forth in the Stipulation, but will in all other respects be subject to the provisions of the Stipulation, including the terms of any judgment entered and the releases given.

The Proof of Claim includes a general release of each of the Defendants and the Released Defendant Parties in the form set forth in the Proof of Claim accompanying this Notice. The Proof of Claim must be supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant. The Proof of Claim is enclosed herewith. Extra copies may be obtained from the address noted below.

**In re Chronimed Inc. Securities Litigation**
**c/o The Garden City Group, Inc.**
**Claims Administrator**
**P.O. Box 9000 #6211**
**Merrick, NY 11566-9000**

The Court has reserved jurisdiction to allow, disallow or adjust the Claim of any member of the Class on equitable grounds. The Court also reserves the right to modify the Plan of Allocation without further notice to the Class. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiff's Lead Counsel or the Claims Administrator or other agent designated by Plaintiff's Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Defendants shall have no responsibility for or liability whatsoever for the investment or distribution of the Gross Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of Claims or non-performance of the Claims Administrator's duties, the payment or withholding of Taxes owed by the Gross Settlement Fund, or any losses incurred in connection therewith.

VI.   PLAN OF ALLOCATION OF NET SETTLEMENT FUND

A.   Introductory Provisions:

To receive a distribution from the Net Settlement Fund, all persons or entities must:

1.   Establish membership in the Class;

2.   Complete a valid claim form and supply all required documentation;

3.   Submit the completed claim form and documentation so that it is postmarked for mailing to the Claims Administrator on or before August 18, 2004.

B.   Calculation of Recognized Loss for Claims:

A "Recognized Loss" will be calculated for each purchase or acquisition of Chronimed common stock that is listed in the claim form, and for which adequate documentation is provided. The calculation of the Recognized Loss will depend upon several factors, including:

1.   When the stock was purchased; and

2.   Whether the stock was held until the conclusion of the Class Period (June 13, 2001) or whether it was sold during the Class Period and, if so, when it was sold.

C.   Basis for Calculation of Recognized Loss:

Recognized Losses are based on the level of artificial inflation in the prices of Chronimed common stock, as estimated by Lead Plaintiff's damages expert. Lead Plaintiff's damages expert calculated the reasonable amount of artificial inflation in the prices of Chronimed common stock during the Class Period that was attributable to the alleged wrongdoing. The expert then measured the price decline associated with each particular disclosure, adjusted that price reaction to eliminate the effects, if any, attributable to general market conditions, and then used standard statistical techniques to ensure that the price reaction was statistically significant. Thus, Lead Plaintiff's expert isolated the price effect that the expert reasonably believed was caused by the alleged fraud.

D.   Recognized Loss Per Share:

1.   For shares of Chronimed common stock purchased or acquired during the period from October 27, 1999, through January 4, 2000, and that were *still held* as of the close of business on June 13, 2001, the Recognized Loss is $0.31.

2.   For shares of Chronimed common stock purchased or acquired during the period from January 5, 2000, through November 9, 2000, and that were *still held* as of the close of business on June 13, 2001, the Recognized Loss is $1.81.

3.   For shares of Chronimed common stock purchased or acquired during the period from November 10, 2000, through June 13, 2001, and that were *still held* as of the close of business on June 13, 2001, the Recognized Loss is $3.03.

4.   For shares of Chronimed common stock purchased or acquired during the period from October 27, 1999, through June 13, 2001, and that were sold on or before June 13, 2001, the Recognized Loss is $0 because: (i) both the purchase or acquisition, on the one hand, and the sale, on the other, occurred before any adverse information about Chronimed's alleged fraudulent scheme was publicly disclosed; and (ii) Lead Plaintiff's damages expert has determined that any decline in the market price of Chronimed common stock during the Class Period was not attributable to the alleged misstatements. Accordingly, any losses Class Members may have suffered with respect to the shares of Chronimed common stock that were both purchased and sold during the Class Period are not compensable through an action for violation of the federal securities laws.

E.   General Provisions

1.   The Net Settlement Fund will be allocated among all Authorized Claimants.

2.   Each Authorized Claimant shall recover his or her Recognized Loss. However, in the event that the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each such Authorized Claimant shall receive his/her pro rata share of the Net Settlement Fund, which shall be his/her Recognized Loss divided by the total of all Recognized Losses to be paid from the Net Settlement Fund, multiplied by the total amount in the Net Settlement Fund. The proration factor applied to the Authorized Claims of members of the Class will be based on the amount in the Net Settlement Fund available to satisfy those claims, as set forth in Section III. above.

3.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed pro rata to all Authorized Claimants entitled to receive payment out of the Net Settlement Fund until such Authorized Claimants have received an amount equal to 100% of their Recognized Losses.

4.   Each Authorized Claimant will be required to provide proof of his or her ownership position in Chronimed common stock as of October 27, 1999 (the first day of the Class Period). Any sales of Chronimed common stock during the Class Period will first be offset against the Authorized Claimant's opening position in the stock. Remaining sales will be offset against the Authorized Claimant's purchases during the Class Period by matching the earliest subsequent sale with the earliest purchase and chronologically thereafter for purposes of the Claim calculations.

5.   All profits on transactions in Chronimed common stock during the Class Period shall be subtracted from all losses to determine the net Claim of each member of the Class. If the member of the Class made a net profit, the value of his, her or its Claim shall be zero.

6.   If the Authorized Claimant acquired Chronimed common stock during the Class Period by means of a gift, inheritance or operation of law, the Authorized Claimant's Claim will be computed by using the price of such security on the original date of purchase and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of the security. To the extent that Chronimed common stock was originally purchased prior to commencement of the Class Period, and there was no such taxable event or change in cost basis at the time of transfer, the Authorized Claimant's Claim for that acquisition shall be zero.

VII.   REQUEST FOR EXCLUSION

A member of the Class will be bound by the proposed Settlement provided for in the Stipulation, in the event it is approved by the Court, and by any judgment or determination of the Court affecting the Class, unless such member shall mail by first-class mail a written request for exclusion from the Class, postmarked no later than June 8, 2004, addressed to: **In re Chronimed Inc. Securities Litigation, c/o The Garden City Group, Inc., Claims Administrator, Attn: Exclusions Department, P.O. Box 9000 #6211, Merrick, NY 11566-9000.** Such request for exclusion must state the name and address of the person seeking exclusion and identify by date, quantity, and purchase or sale price, all transactions in Chronimed common stock during the Class Period. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this paragraph. If a member of the Class requests to be excluded, that member of the Class will not receive any benefit provided for in the Stipulation, in the event that the Settlement is approved by the Court. Any member of the Class who does not request exclusion in the manner provided for herein may, but need not, enter an appearance in this Action, at his own cost, through counsel of his own choice. If he does not enter an appearance, he will be represented by Plaintiff's Lead Counsel identified above. If the proposed Settlement is finally approved by the Court, it will be binding on all members of the Class who have not timely elected to be excluded from the Class whether or not they file Proof of Claim and Release forms.

VIII.   THE HEARING

The Settlement Hearing will be held before the Honorable Donovan W. Frank, United States District Judge, on June 18, 2004, at 11:00 a.m. at the United States District Court for the District of Minnesota, 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, for the purpose of determining whether an Order and Final Judgment should be entered: (i) approving the proposed Settlement as fair, reasonable and adequate; (ii) dismissing the Action on the merits and with prejudice as against Defendants; (iii) approving the Plan of Allocation; (iv) awarding attorneys' fees and expenses from the Gross Settlement Fund; and (v) barring Lead Plaintiff and all members of the Class from prosecuting, pursuing, or litigating any of the Settled Claims against any of the Released Defendant Parties. The Settlement Hearing may be continued or adjourned from time to time by the Court at the Settlement Hearing or any continued or adjourned session thereof without further notice.

Any member of the Class who does not request exclusion by June 8, 2004, may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard, unless his, her or its objection or opposition is made in writing and is filed, together with copies of all other papers and briefs to be submitted to the Court at the Settlement Hearing, by him, her or it (including proof of all purchases of Chronimed common stock during the Class Period) with the Court no later than June 8, 2004, and is served by hand or by overnight delivery upon the following:

Plaintiff's Lead Counsel:

Jeffrey N. Leibell, Esq.
BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

Gregg M. Fishbein, Esq.
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Suite 2200, 100 Washington Avenue South
Minneapolis, Minnesota 55401
(612) 339-6900

and upon Defendants' Counsel:

Peter W. Carter, Esq.
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600

Unless otherwise ordered by the Court, any member of the Class who does not make his, her or its objection or opposition in the manner provided shall be deemed to have waived all objections to the foregoing matters.

IX.   ATTORNEYS' FEES, COSTS AND EXPENSES

Plaintiff's Lead Counsel will apply to the Court at the Settlement Hearing described above for a collective award of attorneys' fees equal to 25% of the Gross Settlement Fund plus any accrued interest thereon, and reimbursement of expenses not to exceed $135,000, which were advanced in connection with the litigation.

To date, counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiff and the Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Plaintiff's Lead Counsel would compensate counsel for their efforts in achieving the Gross Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

X.   NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Banks, brokerage firms, institutions, and other persons who are nominees for beneficial purchasers who purchased or otherwise acquired Chronimed common stock during the Class Period are requested within ten (10) days of receipt of this Notice, to: (i) provide Plaintiff's Lead Counsel with the names and addresses of such beneficial purchasers; or (ii) forward a copy of this Notice to each such beneficial purchaser and provide Plaintiff's Lead Counsel with written confirmation that the Notice has been so forwarded. Plaintiff's Lead Counsel will reimburse from the Gross Settlement Fund the reasonable costs and expenses of complying with this provision upon submission of appropriate documentation. Additional postage pre-paid copies of this Notice may be obtained from Plaintiff's Lead Counsel for forwarding to such beneficial owners. All such correspondence to Plaintiff's Lead Counsel should be addressed as follows:

> **In re Chronimed Inc. Securities Litigation**
> **c/o The Garden City Group, Inc.**
> **Claims Administrator**
> **P.O. Box 9000 #6211**
> **Merrick, NY 11566-9000**

XI.   EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the proposed Settlement. For a more detailed statement of the matters involved in this Action, reference is made to the pleadings, the Stipulation and other papers filed in this Action which may be inspected at the Office of the Clerk of the United States District Court for the District of Minnesota, 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, during business hours of each business day.

Inquiries regarding this Action should be addressed as follows:

> **In re Chronimed Inc. Securities Litigation**
> **c/o The Garden City Group, Inc.**
> **Claims Administrator**
> **P.O. Box 9000 #6211**
> **Merrick, NY 11566-9000**
>
> **Phone Number: 866-808-3577**

PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

Dated: March 29, 2004
       St. Paul, Minnesota

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------------x
IN RE CHRONIMED INC.
SECURITIES LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS
---------------------------------------x

Master File No.
01-CV-1092 (DWF/AJB)

## AFFIDAVIT OF JOHN PIZZUTO

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF SUFFOLK   )

JOHN PIZZUTO, being duly sworn, deposes and says:

I am President of the firm Rolls Offset located at 370 North Street, Teterboro, New Jersey. Rolls Offset was retained by The Garden City Group, Inc. to print and mail the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right To Share in Settlement Fund and Proof of Claim and Release form (collectively, with the Notice, the "Claim Packet") in the above-captioned matter.

I hereby certify that, using the name and address files supplied by The Garden City Group, Inc., I caused 3,178 Claim Packets to be addressed and mailed First Class on March 29, 2004.

_____
JOHN PIZZUTO

Sworn before me this 1st day of April, 2004.

_____
Notary Public

ANNE M. FIORE
NOTARY PUBLIC, State of New York
No. 01FI4988154
Qualified in Suffolk County
Commission Expires November 4, 2005

**EXHIBIT B**



STATE OF TEXAS            )
                          ) ss:
CITY AND COUNTY OF DALLAS)

I, <u>Mike Henley</u>, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of <u>THE WALL STREET JOURNAL</u>, a daily national newspaper published and of general circulation in the City and County of New York, New York, City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas and that the attached Notice has been regularly published in <u>THE WALL STREET JOURNAL</u> for national distribution for <u>one</u> insertion(s) on the following date(s): <u>4/2/04</u> advertiser: <u>Chronimed Inc.</u> and that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Sworn to before me this
___ day of April 20___

_____
Notary Public

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE CHRONIMED INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Master File No.<br>01-CV-1092 (DWF/AJB) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CHRONIMED INC. ("CHRONIMED") FROM OCTOBER 27, 1999 THROUGH JUNE 13, 2001, INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Minnesota, that a hearing will be held on June 18, 2004, at 11:00 a.m., before the Honorable Donovan W. Frank, at the United States District Court, 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, for the purpose of determining: (1) whether the proposed settlement of the claims in this class action for the sum of $2,200,000 in cash, and accrued interest thereon, should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this action should be dismissed with prejudice, as set forth in the Stipulation and Agreement of Settlement dated as of March 11, 2004; (3) whether the proposed Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Plaintiff's counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred should be approved.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

If you have not received a detailed Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to: Chronimed Inc. Securities Litigation, c/o The Garden City Group, Inc., P.O. Box 9000 #6211, Merrick, NY 11566-9000. If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than August 18, 2004, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in this action whether or not you make a claim.

If you desire to be excluded from the Class, you must file a request for exclusion by June 8, 2004, in the manner and form explained in the detailed Notice referred to above. All members of the Class who have not requested exclusion from the Class will be bound by any judgment entered in this action pursuant to the Stipulation and Agreement of Settlement.

Any objection to the proposed settlement, plan of allocation or fee application must be mailed or delivered such that it is received by each of the following no later than June 8, 2004:

Jeffrey N. Leibell, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

- and -

Gregg Fishbein, Esq.
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401
(612) 339-6900

Plaintiff's Lead Counsel

Peter W. Carter, Esq.
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600

Defendants' Counsel

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
700 Federal Building, 316 North Robert Street
St. Paul, Minnesota 55101

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for Notice and Proof of Claim forms, may be made to Plaintiff's Lead Counsel.

DATED: April 9, 2004

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA