**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| IN RE CHRONIMED INC. SECURITIES LITIGATION | ) | Master File No. 01-1092 (DWF/AJB) |
| | ) | |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) | |
| | ) | |

**ORDER AND FINAL JUDGMENT**

---

Avi Josefson, Esq., and Daniel L. Berger, Esq., Bernstein Litowitz Berger & Grossmann, 1285 Avenue of the Americas, New York, NY 10019; Carolyn G. Anderson, Esq., and Charles S. Zimmerman, Esq., Zimmerman Reed, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; Gregg M. Fishbein, Esq., Lockridge Grindal Nauen P.L.L.P., 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; and Robert J. Berg, Esq., Wolf Popper Ross Wolf & Jones, 12th Floor, 845 Third Avenue, New York, NY 10022, counsel for Plaintiff.

Heather J. Klaas, Esq.,Mitchell W. Granberg, Esq., and Peter W. Carter, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498, counsel for Defendants.

---

**WHEREAS:**

On March 11, 2004, Lead Plaintiff acting on behalf of itself and the Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants in these consolidated actions (the "Action").

Pursuant to the order for Notice and Hearing, entered March 15, 2004 (the "Notice Order"), the Court scheduled a hearing for June 18, 2004, at 11:00 a.m. (the "Settlement Hearing") to determine: (1) whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation (the "Settlement") is fair, reasonable and adequate and should be approved by the Court; (2) whether a final judgment pursuant to Fed. R. Civ. P. 54(b) should be entered dismissing the

Action with prejudice; (3) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (4) whether the application by Plaintiff's Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (5) whether to reserve jurisdiction to effect and enforce the Settlement. The Court ordered that the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), in the form attached to the Stipulation as Exhibit A, be mailed by first-class mail, postage prepaid, on or before March 29, 2004, to all members of the Class at the address of each such Person as set forth in the records of Chronimed Inc. or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Summary Notice"), in the form attached to the Stipulation as Exhibit E, be published once in the national edition of The Wall Street Journal, within ten (10) days of the mailing of the Notice.

As attested by the affidavit of Jack R. Digiovanni filed with this Court on June 11, 2004, the provisions of the Notice Order as to notice were complied with.

Lead Plaintiff has moved for final approval of the Settlement and the Plan of Allocation of the Net Settlement Fund (Doc. No. 37). The Settlement Hearing was duly held before this Court on June 18, 2004, at which time all interested persons were afforded the opportunity to be heard.

The Notice and the Summary Notice advised members of the Class of the date, time, place and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement, or to the Plan of Allocation, were required to be filed with the Court by June 8, 2004.

This Court has duly considered Lead Plaintiff's motion, the affidavits and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

The Court has previously found that the prerequisites for class certification under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the members of the Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) the Lead Plaintiff and its counsel have and will fairly and adequately represent and protect the interests of all members of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) certifying the Action as a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, the Court certified a Class consisting of all persons and entities who purchased or otherwise acquired the common stock of Chronimed Inc. from October 27, 1999, through June 13, 2001, inclusive. Excluded from the Class are the Defendants, the members of the family of each of the Individual Defendants, officers and/or directors of Chronimed, parents subsidiaries and affiliates of Chronimed, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

**NOW THEREFORE,** after due deliberation, this Court hereby **ORDERS, CONCLUDES, ADJUDGES AND DECREES** that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. This Order is binding on all members of the Class with the exception of those who were excluded as set forth in the next paragraph.

4. Excluded from the Class are the persons and/or entities who submitted timely requests for exclusion from the Class as listed on Exhibit A annexed hereto.

5. The proposed Settlement of the Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, is in the best interests of the Class and should be approved, especially in light of the benefits to the Class and the complexity, expense and probable duration of further litigation against Defendants, the risks and difficulty of establishing liability, and the risks attendant to collecting any judgment obtained against Defendants on behalf of the Class in the event liability were established.

6. The notification provided for and given to the Class was in compliance with the Notice Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as that section was amended by the Private Securities Litigation Reform Act (the “PSLRA”).

It is further **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Stipulation and the proposed Settlement are hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

2. The Plan of Allocation of the Net Settlement Fund as set forth in the Notice is, in all respects fair, reasonable and adequate and is approved.

3. The Amended & Consolidated Class Action Complaint filed on November 8, 2001, which the Court finds was filed with a good faith basis in accordance with the PSLRA and Fed. R. Civ. P. 11, is hereby dismissed in its entirety as to Defendants, with prejudice, and without costs to any party. The Court further finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

4. Upon the Effective Date, each member of the Class, whether or not such member of the Class executes and delivers a Proof of Claim and Release, by operation of this judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims (i.e., all claims (including "Unknown Claims" as defined in ¶ 1(dd) of the Stipulation), causes of action, demands, attorneys' fees, costs, obligations, controversies, debts, damages, losses, and liabilities of any kind or nature whatsoever, whether arising under state or federal law, whether known or unknown, suspected or unsuspected, that exist at any point from the beginning of time to the date of execution of the Stipulation, arising out of or related to the purchase of Chronimed common stock from October 27, 1999, through June 13, 2001, inclusive, and (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act that were or could have been alleged in the Action) against any of the Released Defendant Parties (i.e., Defendants, their present or former assigns, affiliates, administrators, executors, successors, subsidiaries, corporate parents, or related companies,

or any of their present or former officers, directors, shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts, and/or insurers).

5. Upon the Effective Date, all members of the Class are hereby forever barred and enjoined from prosecuting the Settled Claims against any of the Released Defendant Parties.

6. Upon the Effective Date, the Released Defendant Parties, by operation of this judgment, shall have, fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims (i.e., any and all claims (including "Unknown Claims" as defined in ¶ 1(dd) of the Stipulation), rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known claims or Unknown Claims, held at any point from the beginning of time to the date of the execution of the Stipulation that have been or could have been asserted by Defendants or any of them or the successors and assigns of any of them) against any of the Released Plaintiff Parties (i.e., Lead Plaintiff, Plaintiff's Lead Counsel, and their respective attorneys in the Action as well as their respective heirs, assigns, administrators, executors, trustees, relatives, attorneys, accountants, auditors or other representatives or agents), which arise out of the institution, prosecution, or settlement of the Action, and Released Defendant Parties shall forever be barred and enjoined from prosecuting any of the Settled Defendants' Claims against any of the Released Plaintiff Parties.

7. Defendants shall have no role in or responsibility for the form, substance, method or manner of administration or distribution of the Net Settlement Fund to members of the Class. All expenses related thereto shall be paid from the Gross Settlement Fund. Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the administration or processing of

claims or the allocation of the Net Settlement Fund, including, without limitation, determinations as to the validity of Proofs of Claim, the amounts of claims, distributions from the Gross Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator.

8. Each member of the Class is bound by this judgment, including, without limitation, the release of claims as set forth in the Stipulation and above.

9. This judgment and the Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by any of the Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

10. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund shall remain under the authority of this Court. The parties to the Settlement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement (including without limitation those employees who may furnish services in connection with the Settlement) and the Claims Administrator and its employees and agents shall not be liable for anything done or omitted to be done in connection with the Settlement and the administration thereof except for their own willful misconduct.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. The Court hereby finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of this final judgment and hereby directs its entry.

13. Without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over (a) implementation of this Settlement and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 21, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

**EXHIBIT A**

The following is a list of all persons and/or entities who have submitted timely exclusions from the Class:

None received.