**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| IN RE CHRONIMED INC. SECURITIES LITIGATION | ) | Master File No. 01-1092 (DWF/AJB) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) | |

**ORDER AWARDING PLAINTIFF'S COUNSEL'S FEES AND EXPENSES**

Avi Josefson, Esq., and Daniel L. Berger, Esq., Bernstein Litowitz Berger & Grossmann, 1285 Avenue of the Americas, New York, NY 10019; Carolyn G. Anderson, Esq., and Charles S. Zimmerman, Esq., Zimmerman Reed, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; Gregg M. Fishbein, Esq., Lockridge Grindal Nauen P.L.L.P., 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; and Robert J. Berg, Esq., Wolf Popper Ross Wolf & Jones, 12th Floor, 845 Third Avenue, New York, NY 10022, counsel for Plaintiff.

Heather J. Klaas, Esq.,Mitchell W. Granberg, Esq., and Peter W. Carter, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498, counsel for Defendants.

**WHEREAS:**

On March 11, 2004, Lead Plaintiff acting on behalf of itself and the Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants in these consolidated actions (the "Action").

Pursuant to the order for Notice and Hearing, entered March 15, 2004 (the "Notice Order"), the Court scheduled a hearing for June 18, 2004, at 11:00 a.m. (the "Settlement Hearing") to determine: (1) whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation (the "Settlement") is fair, reasonable and adequate and should be approved by the Court; (2) whether a final judgment pursuant to Fed. R. Civ. P. 54(b) should be entered dismissing the

Action with prejudice; (3) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (4) whether the application by Plaintiff's Lead Counsel for an award of attorney fees and reimbursement of expenses should be approved; and (5) whether to reserve jurisdiction to effect and enforce the Settlement.

Lead Plaintiff's motion for final approval of the Settlement and the Plan of Allocation of the Net Settlement Fund was granted by separate order. The Settlement Hearing was duly held before this Court on June 18, 2004, at which time all interested persons were afforded the opportunity to be heard.

The Notice and the Summary Notice advised members of the Class of the date, time, place and purpose of the Settlement Hearing. The Notice further advised that any objections to Plaintiff's counsel request for an award of fees and reimbursement of expenses were required to be filed with the Court by June 8, 2004.

This Court has duly considered Lead Plaintiff's request for an award of fees and reimbursement of expenses (Doc. No. 37), as well as the affidavits and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

**NOW THEREFORE,** after due deliberation, this Court hereby **ORDERS, CONCLUDES, ADJUDGES AND DECREES** that:

1. Plaintiff's counsel are hereby awarded 25% of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $135,000 in reimbursement of expenses, which expenses shall be paid to Plaintiff's Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, and Plaintiff's Liaison Counsel, Lockridge Grindal Nauen P.L.L.P. from the Settlement Fund.

2. These fees and expenses shall be paid from the Gross Settlement Fund, into which Defendants shall cause to be deposited the Settlement Amount of $2.2 million, less the $135,000 already paid pursuant to Paragraph 9 of the Stipulation of Settlement for purposes of Settlement administration, into an Escrow Account on behalf of Lead Plaintiff and the Settlement Class within five (5) days of the entry of the Order of Final Judgment. These fees and expenses shall then be paid to Plaintiff's Lead Counsel within ten (10) business days of the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the obligation of each Plaintiff's Lead Counsel, if and when (i) as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the fee or cost award is reduced or reversed; or (ii) if the award order does not become final, if the Settlement itself is voided by any party as provided herein; or (iii) if the Settlement is later reversed or modified by any court, to refund to the Gross Settlement Fund, including the $135,000 paid pursuant to Paragraph 9 of the Stipulation of Settlement, within ten (10) days of such event, the amount received by each, plus accrued interest at the rate paid on the Escrow Account by the financial institution holding it.

3. The award of attorney fees and expenses shall be allocated by Plaintiff's Lead Counsel amongst plaintiffs' counsel in a manner in which Plaintiff's Lead Counsel in good faith believes reflects the contributions of any such counsel to the prosecution and settlement of the Action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 21, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court