# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE CHRONIMED INC.
SECURITIES LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS

Case No. Civil 01-1092 DWF/AJB

**JUDGMENT IN A CIVIL CASE**

---

( ) **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

( ) **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**NOW THEREFORE,** after due deliberation, this Court hereby **ORDERS, CONCLUDES, ADJUDGES AND DECREES** that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. This Order is binding on all members of the Class with the exception of those who were excluded as set forth in the next paragraph.

4. Excluded from the Class are the persons and/or entities who submitted timely requests for exclusion from the Class as listed on Exhibit A annexed hereto.

5. The proposed Settlement of the Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, is in the best interests of the Class and should be approved, especially in light of the benefits to the Class and the complexity, expense and probable duration of further litigation against Defendants, the risks and difficulty of establishing liability, and the risks attendant to collecting any judgment obtained against Defendants on behalf of the Class in the event liability were established.

6. The notification provided for and given to the Class was in compliance with the Notice Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as that section was amended by the Private Securities Litigation Reform Act (the "PSLRA").

It is further **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Stipulation and the proposed Settlement are hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

2. The Plan of Allocation of the Net Settlement Fund as set forth in the Notice is, in all respects fair, reasonable and adequate and is approved.

3. The Amended & Consolidated Class Action Complaint filed on November 8, 2001, which the Court finds was filed with a good faith basis in accordance with the PSLRA and Fed. R. Civ. P. 11, is hereby dismissed in its entirety as to Defendants, with prejudice, and without costs to any party. The Court further finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

4. Upon the Effective Date, each member of the Class, whether or not such member of the Class executes and delivers a Proof of Claim and Release, by operation of this judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims (i.e., all claims (including "Unknown Claims" as defined in ¶ 1(dd) of the Stipulation), causes of action, demands, attorneys' fees, costs, obligations, controversies, debts, damages, losses, and liabilities of any kind or nature whatsoever, whether arising under state or federal law, whether known or unknown, suspected or unsuspected, that exist at any point from the beginning of time to the date of execution of the Stipulation, arising out of or related to the purchase of Chronimed common stock from October 27, 1999, through June 13, 2001, inclusive, and (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act that were or could have been alleged in the Action) against any of the Released Defendant Parties (i.e., Defendants, their present or former assigns, affiliates, administrators, executors, successors, subsidiaries, corporate parents, or related companies, or any of their present or former officers, directors, shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts, and/or insurers).

5. Upon the Effective Date, all members of the Class are hereby forever barred and enjoined from prosecuting the Settled Claims against any of the Released Defendant Parties.

6. Upon the Effective Date, the Released Defendant Parties, by operation of this judgment, shall have, fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims (i.e., any and all claims (including "Unknown Claims" as defined in ¶ 1(dd) of the Stipulation), rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known claims or Unknown Claims, held at any point from the beginning of time to the date of the execution of the Stipulation that have been or could have been asserted by Defendants or any of them or the successors and assigns of any of them) against any of the Released Plaintiff Parties (i.e., Lead Plaintiff, Plaintiff's Lead Counsel, and their respective attorneys in the Action as well as their respective heirs, assigns, administrators, executors, trustees, relatives, attorneys, accountants, auditors or other representatives or agents), which arise out of the institution, prosecution, or settlement of the Action, and Released Defendant Parties shall forever be barred and enjoined from prosecuting any of the Settled Defendants' Claims against any of the Released Plaintiff Parties.

7. Defendants shall have no role in or responsibility for the form, substance, method or manner of administration or distribution of the Net Settlement Fund to members of the Class. All expenses related thereto shall be paid from the Gross Settlement Fund. Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the administration or processing of claims or the allocation of the Net Settlement Fund, including, without limitation, determinations as to the validity of Proofs of Claim, the amounts of claims, distributions from the Gross Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator.

8. Each member of the Class is bound by this judgment, including, without limitation, the release of claims as set forth in the Stipulation and above.

9. This judgment and the Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by any of the Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

10. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund

shall remain under the authority of this Court. The parties to the Settlement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement (including without limitation those employees who may furnish services in connection with the Settlement) and the Claims Administrator and its employees and agents shall not be liable for anything done or omitted to be done in connection with the Settlement and the administration thereof except for their own willful misconduct.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. The Court hereby finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of this final judgment and hereby directs its entry.

13. Without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over (a) implementation of this Settlement and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

DATE: 6/23/04

RICHARD D. SLETTEN, CLERK

_______s/Rena J. Lexvold______________
Rena J. Lexvold , Deputy Clerk