**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE CHRONIMED INC.<br>SECURITIES LITIGATION<br>THIS DOCUMENT RELATES TO ALL ACTIONS | Master File No.<br>01-CV-1092 (DWF/AJB) |

Avi Josefson, Esq., and Daniel L. Berger, Esq., Bernstein Litowitz Berger & Grossmann; Carolyn G. Anderson, Esq., and Charles S. Zimmerman, Esq., Zimmerman Reed; Gregg M. Fishbein, Esq., Lockridge Grindal Nauen P.L.L.P.; and Robert J. Berg, Esq., Wolf Popper Ross Wolf & Jones, counsel for Plaintiffs.

Heather J. Klaas, Esq.,Mitchell W. Granberg, Esq., and Peter W. Carter, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498, counsel for Defendants.

**ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiff's Counsel have moved the Court for an order granting them permission to distribute the Chronimed Securities Litigation Net Settlement Fund to Class Members [Docket Doc. No.: 49] who filed valid claims against the Fund and have asked that the Court enter an order:

1. Approving the determinations made by the Claims Administrator, The Garden City Group, Inc. ("GCG"), to accept or reject claims, including approving the acceptance of 29 claims that were postmarked after the August 18, 2004 deadline;

2. Approving payment from the $135,000 earmarked for costs and expenses associated with the administration of the Settlement of $114,986.53 for the Claims

Administrator's incurred and anticipated fees and expenses associated with the administration of the Settlement.

3. Authorizing and directing the distribution of the Net Settlement Fund to claimants who filed valid claims;

4. Authorizing the destruction of paper copies of Proof of Claim forms and all supporting documentation one year after distribution of the Net Settlement Fund and the destruction of electronic copies of the same three years after the distribution of the Net Settlement Fund; and

5. If any funds remain in the Net Settlement Fund one year after the initial distribution to claimants and after the Claims Administrator has made reasonable and diligent efforts to contact claimants who have not cashed checks, authorizing the Claims Administrator to:

a. if practical, re-distribute the remaining funds to Class Members who have cashed their initial distribution checks and who would receive at least $10 from such re-distribution and, six months after any such re-distribution, donate any funds remaining in the Net Settlement Fund to the Fund for the Legal Aid Society and close all Settlement Fund bank accounts; or

b. if redistribution described in paragraph 5(a) is not practical, donate any remaining funds to the Fund for the Legal Aid Society and close all accounts relating to the Chronimed Inc. Securities Litigation settlement.

NOW, THEREFORE, based on all files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The Court approves all determinations of the Claims Administrator, GCG, to accept or reject claims, and approves the acceptance of 29 claims that were postmarked after the August 18, 2004 deadline;

2. Fees and expenses associated with the administration of the Settlement are approved in the amounts of $114,986.53 for the Claims Administrator's incurred and anticipated fees and expenses associated with the administration of the Settlement.

3. The Claims Administrator shall pay from the Net Settlement Fund all valid claims filed against the Fund, after the payment set forth in Paragraph 2 is made or set aside;

4. The Claims Administrator is authorized to destroy paper copies of Proof of Claim forms and all supporting documentation one year after distribution of the Net Settlement Fund and destroy electronic copies of the same three years after the distribution of the Net Settlement Fund; and

5. If any funds remain in the Net Settlement Fund one year after the initial distribution to claimants and after the Claims Administrator has made reasonable and diligent efforts to contact claimants who have not cashed checks, the Claims Administrator shall:

a. if practical, re-distribute the remaining funds to Class Members who have cashed their initial distribution checks and who would receive at least $10 from such re-distribution and, six months after any such re-distribution, donate any funds remaining in the Net Settlement Fund to

the Fund for the Legal Aid Society and close all Settlement Fund bank accounts; or

b. if redistribution described in paragraph 5(a) is not practical, donate any remaining funds to the Fund for the Legal Aid Society and close all accounts relating to the Chronimed Inc. Securities Litigation settlement.

**IT IS SO ORDERED.**

Dated: May 10, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court